## MICHAEL v. BUSH

[No. 2413, Jan. 17, 1921.]

### SYLLABUS BY THE COURT.

The district courts have no original jurisdiction to allow a claim against an administrator and the surety on his bond, where the probate court had jurisdiction and the claim has been filed, allowed, and paid in part in the probate court, no appeal from the action of the probate court having been taken, and the complaint neither alleges grounds of equitable relief nor seeks such relief in the prayer, but asks only for a money judgment against the administrator and his surety.

Appeal from District Court, Guadalupe County; Leahy, Judge.

Action by John Michael against Fred J. Bush, administrator, and another.   Judgment for plaintiff, and defendants appeal.   Reversed, with instructions.

H. R. PARSONS, of Ft. Sumner, for appellants.

F. FAIRCLOTH, of Santa Rosa, for appellee.

### OPINION OF THE COURT.

RAYNOLDS, J. This is an appeal from the judgment of the district court of the Fourth judicial district, sitting in and for the county of Guadalupe, against Fred J. Bush, administrator of the estate of James M. Rodgers, deceased and the American Surety Company, the surety on said administrator's bond.

Early in 1915 the appellant, Fred J. Bush, was appointed administrator of the estate of James M. Rodgers, deceased, and duly qualified, giving a bond as administrator with the appellant, the American Surety Company, as his surety. During the course of the administration of the estate, the exact date not appearing in the transcript, the administrator approved and the probate court allowed the claim of the appellee, Michael, for the sum of $285.35. On this claim $125 was paid by the administrator, leaving a balance unpaid of $160.35, with interest. On March 15, 1917, the final account of the administrator was filed, and after due notice had been given was approved by the probate court on May 7, 1917. The court on this date also entered an order reciting that there were no funds to pay the claim of said appellee, John Michael, but that said administrator, Bush, should assign and set over to said Michael all uncollected accounts of the estate due the deceased, Rodgers and that—

"Upon the filing of said assignment with the clerk of the probate court, then and thereupon said Bush shall be discharged as administrator, and said Bush, as principal, and the American Surety Company of New York as his sureties, shall be then and thereupon released from any and all liability upon a certain bond executed by them, filed in this matter by said administrator."

More than eight months prior to the entry of this order or on August 17, 1916, the appellee Michael, who was the plaintiff in the case below, filed his complaint in the district court, setting up the death of Rodgers, the appointment and qualification of Bush as administrator, the approval and allowance of his claim by the administrator and the court, and the partial payment of $125 in said claim. He prayed judgment against the administrator and his surety for the balance of $160.35. He also alleged that his claim was a preferred one, had been allowed as such, that the administrator had not properly collected the assets of the estate, and, further, that had said administrator so collected the assets, there would have been sufficient funds to pay his claim in full. No

ground for equitable relief is alleged nor prayed for, and a money judgment alone is sought.

On September 5, 1917, more than a year after the filing of the complaint, the defendants filed their first amended answer, setting up the discharge of the administrator and the order of the probate court May 7, 1917. They also denied the devastavit alleged in the complaint.

Plaintiff below, appellee here, demurred to the paragraphs of the answer setting up the discharge and order of the probate court on the ground that they state no defense. This demurrer was sustained, and subsequently, no further pleading having been filed by the appellants, on January 6, 1919, judgment by default against said appellants was taken for the amount prayed for in the complaint. From the judgment thus rendered this appeal is taken.

Appellants assign as error that the complaint did not contain necessary allegations showing that permission to sue on the administrator's bond had been obtained from the probate court, and in his brief counsel argues that the complaint does not state facts sufficient to constitute a cause of action. This point is raised for the first time in this court, but as has been decided in many cases, the objection that the complaint does not state facts sufficient to constitute a cause of action may be raised at any stage of the proceedings. Baca v. Perea, 25 N. M. 442, at page 446, 184 Pac. 482, where the authorities on this proposition are collected.

The contention of the appellants goes to the merits of the case and is controlling. In our opinion the objection to the complaint is well taken, as it does not state a cause of action. The complaint was filed in the district court during the progress of the administration of the estate in the probate court before final settlement, and no appeal is attempted to have been taken from an order made during the progress of the administration; but, on the contrary, the complaint shows that attempt was made

to allege devastavit by the administrator, to inquire into the order of the probate court allowing the account, and to substitute for such allowance a judgment against the administrator and his surety on an alleged preferred claim.  It is doubtful whether such a case as the present one could be maintained against the surety on an administrator's bond or against the administrator before the accounting and final settlement.  We do not decide the case upon that ground, however, but upon the ground that the district court is without jurisdiction except upon appeal in a suit like the present one, where no ground of equitable jurisdiction is alleged as in Perea v. Barela, 5 N. M. 458, 472, 23 Pac. 766; Perea v. Barela, 6 N. M. 239, 241; Candelaria v. Miera, 18 N. M. 118, 134 Pac. 829, Here an attempt is made to have a claim against a decedent's estate adjudicated in the first instance in the district court and a money judgment only sought  The probate court had exclusive jurisdiction of matters of this nature, and such a suit as is here brought is specifically prohibited by our statute.  The remedy by appeal to the district court from orders of the probate court is given by sections 1438 and 1439, Code 1915, and the laws of 1915, chapter 99. No attempt is here made to proceed under the Laws of 1919, chapter 40, which was not in force at the time this suit was instituted.  A reading of the statute which follows will show that the only remedy for one aggrieved by an order of the probate court, such court having jurisdiction, is to appeal to the district court.

"The probate courts shall have exclusive original jurisdiction in all the following causes, to wit: * * * The settlement and allowance of accounts of executors, administrators and guardians; * * * the hearing and determination of all controversies respecting the duties, accounts and settlements of executors, administrators and guardians, * * * the hearing and determination of all controversies respecting any order, judgment or decree in such probate courts with reference to any of the foregoing matters of which the probate courts are herein given exclusive original jurisdiction, and no suit shall be prosecuted or begun in any district court to review or in any manner inquire into or reopen or set aside any such order, judgment or decree, and no such order, judg-

ment or decree shall be reviewed or examined in any district court except upon an appeal taken in the manner provided by law." Code 1915, § 1430.

This section of the Code of 1915 is taken from Laws 1889, c. 90 § 48. The Constitution of the state of New Mexico (article 6, § 23) provides as follows:

"The probate court is hereby established for each county, which shall be a court of record, and until otherwise provided by law, shall have the same jurisdiction as is now exercised by the probate courts of the territory of New Mexico."

It will thus be seen that under the law of the territory of New Mexico the probate courts had exclusive, original jurisdiction of matters which are attempted to be adjudicated in this suit, and that the jurisdiction of the district courts in actions of this kind could be invoked only by appeal.

The objection that the complaint does not state facts sufficient to constitute a cause of action is well taken, and the case is reversed, with instructions to dismiss the complaint; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.