Before State Industrial Board, Respondent.

Arthur N. LeClear, Claimant, Respondent, *v.* Frank A. Smith, a Member of the Copartnership Doing Business as Smith & LeClear and Another, Appellants.

Third Department, November 15, 1923.

Workmen's compensation — relation of parties — partner not employee though drawing weekly allowance in addition to share of profits.

A partner is not an employee and entitled to compensation under the Workmen's Compensation Law, though he draws a weekly allowance in payment for the general work of the partnership in addition to his share of the profits.

Appeal by the defendants, Frank A. Smith and another, from an award of the State Industrial Board made on the 12th day of December, 1922.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Carl Sherman*, Attorney-General [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondent State Industrial Board.

*Arthur Warren* [*Arthur VD. Chamberlain* of counsel], for the claimant, respondent.

Hasbrouck, J.:

One Frank A. Smith in October, 1918, carried on the business of evaporating apples at Gasport, N. Y. On May 27, 1919, Smith

took the claimant LeClear into copartnership with him upon a basis of one-third of the net earnings and fifteen dollars a week salary. In October, 1918, Smith had taken out a policy with the Travelers Insurance Company to secure compensation to his employees should any of them be injured in his employment. Among the employees so insured was the claimant. This policy on September 19, 1919, was assigned to the partnership. On September 20, 1919, while adjusting a belt to the machinery in the plant claimant's arm was caught in the machine and was broken and crushed between the elbow and the shoulder and had to be amputated. The report of the employer of the injury admits that LeClear was an employee.

It seems to me that the real question presented is, was the claimant at the time of his injury an employee?

There is little room for doubt but that in certain aspects a copartnership is a legal entity and it may be regarded as such particularly here where the effort of the Workmen's Compensation Law is to cast upon the business of the employer the burden of compensation for injuries growing out of such business.

But though an entity it had not as such the capacity as an artifice to hire, discharge and direct its employees. That power rested in the copartners or in some person authorized by them. As pointed out in *Matter of Bowne* v. *Bowne Co.* (221 N. Y. 28) the claimant should not be considered an employee because he was the corporation. So here we are led to hold that LeClear cannot be regarded as an employee because he was a member of the partnership.

The relationship of LeClear to the firm of Smith & LeClear, upon his admission to the partnership, it seems to me, became that of an employer. The salary of fifteen dollars a week which he drew in addition to one-third of the net profits was not for the performance of any special work; it was pay for the general work of the copartnership.

That LeClear's character was that of an employer seems to be quite well established in the law and there is no case to which I have been referred holding a contrary doctrine. (*Cooper* v. *Industrial Accident Commission of California,* 177 Cal. 685; 171 Pac. Rep. 684; *Nevills* v. *Moore Mining Co.,* 135 Cal. 561; *Ellis* v. *Ellis & Co.,* 7 W. C. C. 97; *Employers' Liability Assurance Corporation, Ltd.,* v. *Industrial Accident Commission,* 187 Cal. 615; 203 Pac. Rep. 95; *Millers' Indemnity Underwriters* v. *Patten,* —— Tex. ——; 238 S. W. Rep. 240; *Bank of Buffalo* v. *Thompson,* 121 N. Y. 283; *Hartigan* v. *Casualty Co. of America,* 227 id. 179; *Matter of Skouitchi* v. *Chic Cloak & Suit Co.,* 230 id. 296.)

It is unanswerably argued, I think, in the English case of *Ellis* v.

*Ellis & Co.*, above cited, that an employee cannot be both employee and employer, that the payment of wages is but the adjustment of accounts between partners and the right of compensation depends upon the relationship between the employer and the person whom he employs.

If the claimant became by his entrance into the copartnership an employer he ceased to be an employee. The law in its definitions does not recognize such dual relationship in industrial enterprise. There are only employers and employees, no hermaphrodites. (Workmen's Compensation Law of 1914, § 3, subds. 3, 4, as amd. by Laws of 1917, chap. 705.)

The only insurance available to the claimant for compensation for injury was that of an employer. (Workmen's Compensation Law of 1914, § 54, subd. 6, as added by Laws of 1916, chap. 622.) The carrier made no agreement to insure the claimant in that character and we have no power to make an agreement for it.

It is reasonably clear that the claimant was not an employee and, therefore, not entitled to compensation either from the copartnership or the carrier.

The award should be reversed and claim dismissed.

Cochrane, P. J., H. T. Kellogg, Van Kirk and McCann, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.