G. EDWARD LAING and Others, Appellants, v. THE STATE OF NEW YORK, Respondent.— Judgment unanimously affirmed, with costs. The court disapproves finding of fact numbered six, and finds that there is no proof that the claimants were compelled to use two-inch stone in the top course; on the contrary, the proof is that they used such stone voluntarily.

Before STATE INDUSTRIAL BOARD, Respondent. MARY LEYHANE, Respondent, v. BROOKLYN VARNISH MANUFACTURING COMPANY and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. DR. JOSEPH P. LA DUCA, Respondent, v. UNITED STATES LIGHT AND HEAT CORPORATION and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the physician who rendered the medical services for which the award is made did not comply with the provisions of section 13 of the Workmen's Compensation Law as to filing a report of such injury and treatment on the form prescribed by law. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. VINCENZO LUPO, Respondent, v. SAMUEL HENKIN and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that since the findings do not state any injury except contusions, they do not sustain the award which has been made. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. DAVID LEVINE, Respondent, v. GENERAL ELECTRIC COMPANY, Appellant.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that verbal notice to the employer is not one of the statutory grounds of excuse for failure to give written notice of the injury as provided by section 18 of the Workmen's Compensation Law,* and the failure to give written notice of the injury has not therefore, been properly excused. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. STANISLAW LANGE, Respondent, v. AMERICAN CAR AND FOUNDRY COMPANY, Appellant.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no evidence to sustain the finding that the disability occasioning the operation and medical bills and for which the awards have been made arose out of the accidental injury of May 18, 1923. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. VINNIE M. LYLE, Respondent, v. H. R. LYLE CIDER AND VINEGAR COMPANY and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the authority of LeClear v. Smith (207 App. Div. 71). All concur.

In the Matter of the Estate of FRANK CROUSE, Deceased.— Decree affirmed, with costs. All concur, except Van Kirk and McCann, JJ., dissenting.