## Georgia Casualty Company v. Smith.

(Decided December 6, 1927.)

### Appeal from Fayette Circuit Court.

1. Master and Servant.—Finding of Workmen's Compensation Board and judgment of circuit court based thereon will not be disturbed if supported by any evidence.

2. Master and Servant.—In proceedings under Workmen's Compensation Law (Ky. Stats., secs. 4880-4987), evidence held to sustain finding that claimant was employee at time of injury, and not partner in firm carrying on business in which claimant was engaged.

3. Master and Servant.—Claimant under Workmen's Compensation Law (Ky. Stats., secs. 4880-4987), was not estopped to seek recovery as employee by fact that subsequent to injury statements were filed showing his membership in partnership.

FORMAN & FORMAN for appellant.

TAYLOR N. HOUSE for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Reece E. Smith was injured while working for the Clay Printing Company of Lexington. They were under the Workmen's Compensation Law (Ky. Stats., secs. 4880-4987). The appellant was the insurance carrier. Report was made by the Clay Printing Company to the insurance carrier, and, under arrangements between the insurance carrier and appellee, Smith, $270 was paid to him. Appellant then learned, or thought it had learned, that Reece E. Smith was a member of the partnership doing business under the firm name of Clay Printing Company, and refused thereafter to pay any further sums to him. He then filed his claim before the Workmen's Compensation Board, and, after hearing proof, the board made an award allowing him $15 a week for 15 weeks, and $9.60 a week for 135 weeks. Appellant took the case to the Fayette circuit court for review. That court modified the award, and we find in the opinion of the court this language explaining the modification:

"The award is the sum of $15 a week for 15 weeks and $9.60 for 135 weeks, with interest on past-due payments, and for medical bills not to exceed $100. It seems to be admitted that Smith has received $270. If the medical bills amount to more

than $100, then deducting this amount, it would leave $170, or compensation paid at the rate of $15 per week for something over 11 weeks. I am of the opinion that under the law, as determined by our Court of Appeals, the Compensation Board had a right to make Smith the award under the testimony, but the award could only be for 150 weeks; and, inasmuch as the award was made for 150 weeks, should Smith be charged with what he has already received? It seems to me so, and I am of the opinion that is what the Compensation Board meant by its award— that is, 150 weeks' pay in all—but if there has already been payments made, Smith should be charged with them.''

The only material question argued in the brief for appellant is that Smith was a member of the firm and not an employee. The Workmen's Compensation Board found that he was an employee, and, if there is any evidence to sustain that finding, we are not at liberty to disturb the award nor the judgment of the lower court based thereon. Reece E. Smith was the father of F. E. Smith. He testified for himself that he was an employee, and that he had no interest in the partnership as a partner, and that he was not a partner in the business. F. E. Smith testified to the same effect. We find in the record copies of the statements filed by the Clay Printing Company which are required by persons doing business under an assumed name. The last one placed in the record, although undated, shows that Reece E. Smith was a member of the firm and appellant argues that he is estopped from denying his membership in the firm. He was injured in the latter part of 1924, and the testimony without contradiction shows that the statement wherein he was named as a partner was filed in February, 1925. On this point the board had before it evidence justifying it to find that he was an employee and not a partner.

It is shown also that letterheads were printed by the Clay Printing Company, with his name appearing thereon, indicating that he was a partner. This is admitted, but he and his son both testified that he was not a partner, although there had been an intention on his part to become a partner in the future. The board was acting within its power in making an award to him, and, if it erred in the amount, the error was corrected by the

circuit court, and he is entitled to the amount due, calculated as directed in the judgment of the circuit court, which judgment with the modification aforesaid confirmed the findings of the board.

Judgment affirmed.