## Wallins Creek Lumber Company et al. v. Blanton.

(Decided March 22, 1929.)

SAMPSON & SAMPSON for appellants.

G. G. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant Wallins Creek Lumber Company is a copartnership, the members of which are E. W. Blanton, W. H. Blanton, and the appellee, C. H. Blanton. It is engaged in manufacturing lumber, and works under our Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.). The firm insured its liability under that act with the Ocean Accident & Guarantee Corporation. At the time it effected that insurance the appellee, C. H. Blanton, one of the copartners, was working at one of the saws in the firm's mill. He drew a stated salary from the partnership, which was included in the pay roll on which the premium of the insurance policy was calculated. It is in evidence that, at the time the partnership insured its liability under the Compensation Act, the partners told the agent of the insurance company that they wished to be protected, meaning thereby "individual protection"; that this agent assured them that they would be under the policy which he would deliver to them, and that he repeated this assurance when he did deliver the policy.

Thereafter the appellee, Blanton, was hurt by having two fingers cut off by the saw at which he was working, and it is conceded that, if he were an employee of the partnership, he would be entitled to compensation under our Workmen's Compensation Act. A report of the accident was made out for the partnership and signed by E. W. Blanton. In this report it was stated that "the name of the injured employee" was C. H. Blanton. This report was sent to the office of the insurance company at Louisville. The agent there in charge of adjusting claims, being in ignorance of the fact that C. H. Blanton was a member of the firm and thinking that he was only an employee, filled out and signed an agreed order of compensation, known as "Form 9," which was sent back to C. H. Blanton. The latter signed it, and it was pre-

sented to the Workmen's Compensation Board, which approved it. Under the Compensation Law, when thus affirmed, this agreement had the same force and effect as an award. Kentucky Statutes, sec. 4931.

The insurance company at the same time paid to C. H. Blanton the compensation which had accrued up to the time of the entry of this agreement. Before anything further was paid under this agreement, the insurance company discovered that Blanton was a member of the firm, and thereupon it filed in the name of the partnership a petition before the Compensation Board to have this agreed award reopened on the ground of fraud and mistake. The board reopened the case, and on hearing the facts as above outlined set aside the award and dismissed the claim of C. H. Blanton for compensation. He appealed to the circuit court, where the award of the board, denying C. H. Blanton compensation, was set aside, and the original agreed award reinstated. From that judgment this appeal is prosecuted.

That the Wallins Creek Lumber Company was under no liability to C. H. Blanton under the Workmen's Compensation Act is clear. As a member of the firm he was a coemployer and not an employee within the terms of that act. In the case of Eutsler v. Huff, 222 Ky. 48, 299 S. W. 1070, we held that the members of a partnership, although doing the work of an ordinary employee, could not be included within the number of workmen, so as to bring the firm within the provisions of the Workmen's Compensation Act, since, as we there said, "one cannot be both an employer and an employee."

The act fastens liability on the employer only to the employees, and since C. H. Blanton was a member of the firm, and hence an employer, he could not also be an employee, within the meaning of the Compensation Act. Cf. Georgia Casualty Co. v. Smith, 222 Ky. 216, 300 S. W. 595. The contract of insurance which the firm effected was a contract of indemnity, and only obligated the insurance company to indemnify the Wallins Creek Lumber Company against any liability it might incur under the Compensation Act, and, since this firm was under no liability in this case, neither was the insurance company.

It is claimed, however, that the firm, and hence the insurance company, is liable because of the waiver or representations which it is said the insurance company's agent made at the time the policy was taken out and/or

delivered. Whether or not C. H. Blanton has any direct claim against the insurance company we need not here decide, because this is not a suit by him against the insurance company on any obligation running to him from that company, but is the assertion of a claim against the copartnership for compensation under the Compensation Act. That the Compensation Act does not create such a claim we have seen, since the appellee cannot be both employer and employee. Since he cannot stand in any such dual relationship, there was nothing in this respect for the firm to waive, and hence appellee's claim for compensation must fall.

The judgment of the circuit court is therefore reversed, with instructions to enter a judgment reinstating the award of the board.