Sue Bearden Gebers *v.* Murfreesboro Laundry Co., *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed April 13, 1929.

52

TYNE, PEEBLES, HENRY & TYNE, for plaintiff in error.

JAS. D. RICHARDSON and G. S. RIDLEY, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The trial court was correct in holding that a member of a partnership, who receives wages for his services, is not an employee within the purview of our Compensation Act. *Cooper v. Industrial Acc. Commission,* 177 Cal., 685; *Employers' Liability Assur. Corp. v. Industrial Acc. Commission,* 187 Cal., 615, 203 P., 95; *Rockefeller v. Industrial Commission,* 58 Utah, 124, 197 P., 1038; *McMillen v. Industrial Commission,* 13 Ohio App., 310; *Bowne v. S. W. Bowne Co.,* 221 N. Y., 28; *Lyle v. Lyle Cider & Vinegar Co.* (N. Y.), 47 A. L. R., 840; *Millers' Indemnity Underwriters v. Patten* (Tex. App.), 25 A. L.

R., 379; *Berger* v. *Fidelity Union Casualty Co.* (Tex. App.), 293 S. W., 235; *Ellis* v. *Ellis*, 1 K. B., 324; 28 R. C. L., 765. *Contra, Knox* v. *Knox* (Okla.), 250 Pac., 783.

The reasons for holding a member of a firm not an employee are thus stated in *Cooper* v. *Industrial Acc. Commission, supra,* to-wit:

"The Workmen's Compensation Act clearly does not contemplate such a mixed relation as that existing between partners, wherein each member of the partnership is at the same time principal and agent, master and servant, employer and employee; and wherein each, in any services he may render, whether under his general duty as a partner or under a special agreement for some particular service, is working for himself as much as for his associates in carrying on the business of the firm. The obvious intent of the act was to substitute its procedure for the former method of settling disputes arising between those occupying the strict relationship of master and servant, or employer and employee, by means of actions for damages. . . . The law relative to compensation as between master and servant, or employer and employee, for injuries suffered by the latter, contemplates two persons standing in this opposed relation, and not the anomaly of one person occupying the dual relation of master and servant, employer and employee, plaintiff and defendant, person entitled to a judgment or award in his favor and person bound to pay a part thereof out of his own proportionate share of the partnership property, and the balance, amounting possibly to the whole thereof, out of his own individual estate. Evidently the Workmen's Compensation Act did not contemplate these anomalies in its ample and detailed provisions for

compensation to injured workmen and to those dependent upon them.''

The fact that a member of the firm received wages for his work is but an incident to the partnership contract, common in partnership, transactions. *McMillen* v. *Industrial Commission, supra; Berger* v. *Fidelity Union Casualty Co., supra.*

The employee, to be entitled to a recovery, must be under the control of the employer. *Odom* v. *Sanford & Treadway,* 156 Tenn., 202.

In the instant case it does not appear that the husband of petitioner was subject to the control of the firm. The general principles governing partnerships negative any such idea. Affirmed.