SASSE ET AL. *v.* NEWBURGH LIGHT AND WATER COMPANY.

[No. 13,689.   Filed January 31, 1930.]

*Arthur C. Stone*, for appellants.

*Paul O. Tweedy* and *Daniel H. Ortmeyer*, for appellee.

ENLOE, J.—This action was brought by the appellee seeking to enjoin the appellants from interfering with the appellee and its servants in the matter of setting poles and stringing wires thereon along the public highway known as "the Newburgh and Evansville Road," in Warrick county, Indiana.

Upon the filing of a verified complaint, a restraining order was issued, and later, upon a hearing upon the merits, said order was made permanent, and this appeal followed, the errors assigned and presented being those hereinafter noticed.

The complaint, the sufficiency of which was questioned by demurrer, alleged, in substance: That the plaintiff, appellee, was a corporation duly organized under the laws of the State of Indiana, and, as such, was the owner, and operating, at the town of Newburgh, Warrick county, Indiana, a plant for generating electric current to be sold to the public for light and power purposes; that, for the purpose of distributing the current so generated, that the same might be used for the purposes aforesaid, it had theretofore erected a line of poles within the right of way of the public highway known as "the Newburgh and Evansville road"; that said public highway was of the width of 50 feet; that said highway had been improved by placing thereon a roadway of "tarvia macadam," and that said highway was of the width of

25 feet on each side of the center line of said improved portion of said highway; that said highway had been designated as a "State Highway;" and as such taken over by the State Highway Commission; that, by reason of such improvement and such taking over, it became necessary for the appellee to reset its poles and to place the same farther back from the center of said highway and from the north edge of the improved portion thereof, which it was proceeding to do, setting its said poles 23½ feet from the center line of said improved portion of said highway; that the appellants and each of them interfered with plaintiff's (appellee's) said employees in the work of said employees in resetting said poles, filled up the holes which had been dug by said employees wherein to set said poles, and forbade said employees to dig any more holes or set any more poles along and within the said highway at said place, and, by threats and a show of force against said employees, caused said employees to quit said work of resetting said poles and of stringing wires thereon; that said conduct of appellants seriously interfered with appellee in the matter of the discharge of its duty which it owed to its patrons; and that it would suffer great loss thereby unless the appellants were restrained from the further doing of said acts.

The appellee duly filed its bond, and, pursuant to the prayer of said complaint and the averments therein contained as to the existence of an emergency, a temporary restraining order was issued. To this complaint, a demurrer for want of facts was filed and by the court overruled. The sufficiency of the complaint is the first question presented.

Keeping in mind that this was not an *original* placing of poles in this highway, but was simply a resetting of a line of poles that had some years before that time been set along this highway, in the absence of a showing to the contrary, we must presume that

said poles, or line of poles, were originally set under lawful authority. *Interstate Iron, etc., Co.* v. *City of East Chicago* (1918), 187 Ind. 506, 118 N. E. 958. If the original setting of these poles was lawful, as we must presume, we have no hesitation in holding the complaint herein good as against all objections urged in the memorandum to said demurrer.

The appellants then filed an answer in general denial, and also a second paragraph, to which a demurrer was sustained, and this ruling is the second alleged error presented. The essence of this second paragraph of answer is: That the appellants admit the doing of the things complained of, and they attempt to justify their said conduct by alleging that the appellee, by its servants, in stringing its wires on poles already set, had "mutilated, cut, and destroyed" a number of valuable trees. One wrong never justifies another. If the servants of appellee had wrongfully committed the acts as alleged, to the damage of the appellants, they, appellants, had their action for damage sustained in that matter; but that fact did not justify them in doing the things complained of, as set forth in said complaint. Said paragraph of answer did not state facts sufficient to bar appellee's said cause of action, and the court did not err in sustaining the demurrer thereto.

It is next urged that the court erred in overruling the motion for a new trial, based on the alleged insufficiency of the evidence, and in the admission of certain testimony. It appears from the evidence that in 1914 a petition was filed before the board of commissioners of Warrick county, asking that the said road be improved under the "three-mile road law"; that such proceedings were thereafter had in said matter; that said road was improved as petitioned for, and then taken over by the county; that the wearing surface of the said road, as the same was reconstructed and improved, was

12 feet in width; that thereafter said highway was taken over by the State Highway Commission as a part of the system of highways controlled by the State, and that one Smith, as superintendent of highways, acting for said highway commission, directed the appellee to reset its said line of poles and to place them 23½ feet from the center line of said improved roadway; and that appellee was acting in compliance with this order when appellants, by their acts and conduct, as set forth in said complaint, caused said work to cease. Every material averment of the complaint is sustained by some evidence.

Appellants complain of the action of the court in admitting in evidence the record of proceedings had before the board of commissioners in the matter of the improvement of said road, but in this there was no error. It was a part of the history of this road and of its improvement.

Whether appellants have been compensated for the additional burden or servitude upon their land is not before us. We find no error.

Affirmed.