IN RE W. A. MONTGOMERY AND SON.

[No. 13,979. Filed February 7, 1930.]

NICHOLS, J.—Under the provisions of §61 of the Workmen's Compensation Act of 1929 (Acts 1929 p. 536), the Industrial Board of Indiana has certified to this court questions of law based upon the following statement of facts presented in a proceeding now pending before such board, and requests the opinion of the court for guidance in determining such proceedings:

## Statement of Facts.

On March 29, 1929, and prior thereto, Wilbur A. Montgomery and his son Floyd C. Montgomery were operating as partners in the firm name of "W. A. Montgomery and Son," and were engaged in the general garage business, in which, with other activities, they conducted a general repair business and repair shop; that both gave their full time thereto; that said Wilbur had charge as foreman of the repair shop and directed the work of employees of such partnership in the general repair business; that it was his duty to respond to calls that came to them for pulling in wrecked or stranded automobiles on the highways in and near Scottsburg, using therefor a wrecking car; that, on March 29, 1929, said partnership received a call to a wrecked automobile, and, in responding thereto, Wilbur, accompanied by an employee of said partnership, took the wrecking car and went to the point where said automobile was wrecked, upon the highway, and, while in the act of removing it therefrom, he was struck by an automobile and injured and soon thereafter died; that, in the conduct of said business, they had in their employ, at the time of such accidental injury and death, three employees other than themselves; that it was their custom to pay each member $25 at the end of each week out of their account and to charge the same to overhead running expenses of the partnership business, and this was all the money received by either of them except that each participated equally in the division of the profits, if any, of the business, which profits, if any, were left in the business to increase their stock.

## Certified Questions of Law.

(1) Was Wilbur A. Montgomery an employee of the partnership, operating under the name of W. A. Montgomery and Son, within the meaning of the Workmen's

Compensation Act in force at the time of the injury, and are his dependents entitled to an award for compensation as against the partnership? (2) Is a member of a partnership an employee within the meaning of the Workmen's Compensation Act, when engaged only in work and labor pertaining to the business incident to the operation of the partnership?

In the early history of workmen's compensation acts, it was decided by the courts of England that a partner working for his partnership and receiving compensation therefor independent of his share of the profits was not entitled to compensation for injuries sustained. *Ellis* v. *Ellis* (1905), 1 K. B. 324. And, in the courts of the United States, the great weight of authority is to the effect that a copartner in a partnership business cannot become an employee of himself and his copartners so as to be covered by an insurance policy, taken under the provisions of workmen's compensation acts, insuring the partnership against liability for injury to employees. *Cooper* v. *Industrial Acc. Com.* (1918), 177 Cal. 685, 171 Pac. 684; *Rockefeller* v. *Ind. Com.* (1921), 58 Utah 124, 197 Pac. 1038; *Assurance Corp.* v. *Industrial Acc. Com.* (1921), 187 Cal. 615, 203 Pac. 95; *McMillen* v. *Industrial Commission* (1920), 13 Ohio App. 310; *Millers' Indemnity Underwriters* v. *Patten* (1922), 238 S. W. (Tex. Civ. App.) 240; *Gebers* v. *Murfreesboro Laundry Co.* (1929), 159 Tenn. 51, 15 S. W. (2d) 737; *Lyle* v. *Lyle Cider, etc., Co.* (1926), 243 N. Y. 257, 153 N. E. 67, 47 A. L. R. 840; *Wallins Creek Lumber Co.* v. *Blanton* (1929), 228 Ky. 649, 15 S. W. (2d) 465; *LeClear* v. *Smith* (1923), 207 App. Div. 71, 202 N. Y. Supp. 514.

The only cases which seem to be to the contrary are: *Ardmore Paint, etc., Co.* v. *State Industrial Com.* (1925), 109 Okla. 81, 234 Pac. 582; *Ohio Drilling Co.* v. *State Industrial Com.* (1922), 86 Okla. 139, 207 Pac. 314, 25 A. L. R. 367.

In harmony with the weight of authority, we answer in the negative each of the questions certified to us.