22756.   CHANDLER *et al v.* HARRIS.

DECIDED SEPTEMBER 22, 1933.   REHEARING DENIED SEPTEMBER 30, 1933.

*Don K. Johnston,* for plaintiffs in error.
*Spradlin & Whiddon, W. F. Moore,* contra.

STEPHENS, J.   ▮   The ten employees required to be "regularly in service" to render the employer and his employees subject to the provisions of the workmen's compensation act, as provided in section 15 of that act, are employees of the character entitled to compensation as employees under the act. The provisions of the compensation act are applicable to a situation only where the relationship of master and servant obtains, and only an employee whose relationship with the employer is that of a servant to a master is entitled to compensation under the act. The relationship between a partnership and a member of the partnership is not that of master and servant; and a member of the partnership, when in the performance for the partnership of any of the

duties incumbent upon him as a member of the partnership, is not a servant of the partnership. This is true although he may for his services receive from the partnership compensation as salary or wages. For a member of a partnership in the performance of any services for the partnership to be considered as a servant of the partnership, the services must be such as it is not incumbent upon him to perform in his capacity as a member of the partnership. Presumably where one of the partners performs a service for the partnership and receives compensation therefor, although it may be denominated salary or wages for the performance of duties of the partnership by him as a member of the partnership, the compensation received is due to him as a member of the partnership.

■ Upon the trial of a claim for compensation against a partnership, where the determination of the question of the applicability of the compensation act to the partnership is dependent upon whether one of the partners constitutes one of ten employees regularly in the service of the partnership, evidence that the partnership was engaged in running two drug-stores and that the partner in question was manager of the business at one of the stores and "looked after the business," and received from the partnership for his services $150 a month, it not appearing that the services of the partner were such as were not required of him as a member of the partnership, or that the money paid him was not due to him as a member of the partnership, is insufficient to establish the partner as a servant of the partnership, and is therefor insufficient to establish the fact that the partner is an employee of the partnership as provided in the compensation act. Moreover the partner when so employed was not "in the service of another," and therefore is not an employee as provided in the compensation act, wherein it is provided that "employee shall include every person, including a minor, in the service of another under any contract of hire or apprenticeship." See Ohio Drilling Co. v. State Industrial Commission, 86 Okla. 139 (207 Pac. 314); 1 Schneider on Workmen's Compensation Law (2d ed.), § 25, p. 217; Ellis v. Ellis, 1 K. B. (Eng.) 324, 74 L. J. K. B. N. S. 229, 53 Week. Rep. 311, 92 L. T. N. S. 718, 211 Times L. R. 182; Cooper v. Industrial Acc. Com.; 177 Cal. 685 (171 Pac. 684); LeClear v. Smith, 207 App. Div. 71 (202 N. Y. Supp. 514);

notes in 44 A. L. R. 1217; 15 A. L. R. 1293; 28 R. C. L. 765, § 59; McMillen v. Industrial Com., 13 Ohio App. 310; Harper's Workmen's Compensation Act (2d ed.), 202, § 106; Wallins Lumber Co. v. Blanton, 228 Ky. 649 (15 S. W. (2d) 465); Gebers v. Murfreesboro Co., 159 Tenn. 51 (15 S. W. (2d) 737); Employers Liability Assurance Cor. v. Industrial Accident Com., 187 Cal. 615 (203 Pac. 95); Bowne v. Bowne Co., 221 N. Y. 28 (116 N. E. 364); Berger v. Fidelity Union Casualty Co. (Tex. Civ. App.), 293 S. W. 235, 237.

■ Since the only question for consideration is whether or not the partner constituted one of ten employees of the partnership, the inference is demanded that the partnership had in its employ, at the time of the accident complained of, only nine employees, and since it does not appear that the employer or any of the employees voluntarily elected to be bound by the act, the partnership did not come under the compensation act, and it was error for the superior court to affirm an award of compensation to the claimant for the death of her son, an employee of the partnership, who was injured while riding a motorcycle in the discharge of duties which may have arisen out of and in the course of employment.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

ON REHEARING.

STEPHENS, J. The evidence referred to in the foregoing opinion is that referred to by the director of the department of industrial relations in coming to the conclusion that the partner was an employee of the partnership. It nowhere appears that this partner served the partnership in any capacity other than that of "manager." It appears from the evidence that he shared in the profits of the partnership and the other partner received no salary. In the note in 44 A. L. R. 1218, with reference to LeClear v. Smith, 207 App. Div. 71 (supra), it is stated that "the relationship of one to a partnership upon his admission to it being that of an employer, and his salary of $15 a week, in addition to one third of the net profits, not being for the performance of any special work, but paid for the general work of the copartnership, he can not claim compensation for injuries as given an 'employee' under the workmen's compensation act." We hold that the evi-

dence, under the rule laid down, is insufficient to authorize the finding of the director of the department of industrial relations.

Upon another hearing of this case before the department of industrial relations, there may be adduced evidence in addition to that herein referred to which would authorize a finding that the services of the partner referred to were rendered by him solely as an employee of the partnership and that compensation therefor was not in any manner due him as a member of the partnership.

*Judgment adhered to. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*