337 P.2d 614

Max O. JERNIGAN, Plaintiff-Defendant
in Error,

v.

CLARK AND DAY EXPLORATION COM-
PANY and New Amsterdam Casualty
Co., Defendants-Plaintiffs in Error.

No. 6464.

Supreme Court of New Mexico.

April 2, 1959.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Albuquerque, for defendants-plaintiffs in error.

Bingham & Klecan, William J. Bingham, Eugene E. Klecan, Albuquerque, for plaintiff-defendant in error.

SADLER, Justice.

The plaintiffs in error complain before this Court of a judgment rendered against them by the district court of Bernalillo County in favor of the defendant in error in purported compliance with the New Mexico Workmen's Compensation Act, 1953 Comp. § 59–10–1 et seq. for compensation at the rate of $30 per week for the period of 550 weeks as and for total permanent disability. Since the position of the parties as movants is reversed in this Court from what it was below, the parties will henceforth be designated in this opinion as they were below.

The plaintiff filed two complaints below for workmen's compensation. One alleged a compensable accident on December 10, 1956, and was given a docket No. 70,719 in the district court. The other alleged a compensable accident on August 15, 1957, and was docketed as cause No. 70,716. Both joined Clark and Day Exploration Company, a partnership, as employers and New Amsterdam Casualty Company, as insurer.

On December 2, 1957, in response to the complaint in cause No. 70,716, the employer and insurer, defendants, filed a motion to dismiss. They alleged as grounds therefor that plaintiff was a partner of Clark and Day Exploration Company; that as such he was an employer and that the compensation act of New Mexico did not contemplate any such combination of employer and employee in one person.

Thereafter, on December 27, 1957, a request for admission of facts was directed to plaintiff and his attorneys, to which answers were filed on January 21, 1958. In effect the answers admitted that the partnership existed as claimed but that it was effective July 1, 1955, instead of July 21, as indicated in the admissions sought. The answers also admitted said partnership was in effect on December 10, 1956. On January 23, 1958, an order was entered, consolidating the two claims for trial.

On the same date, attorneys for plaintiff filed a reply to the motion to dismiss with an affidavit of one of the attorneys attached setting forth that the defendant New Amsterdam Casualty Company, acting through its agent, promised plaintiff that he was covered by the workmen's compensation insurance policy issued by it to Clark and Day Exploration Company; that he had relied upon said promise as protecting him in the event of injury within the scope of his employment.

Likewise, on the same date, to-wit, January 23, 1958, the plaintiff filed a pleading designated "Amendment to Original Claim" whereby he sought to add as an amendment Count II to the original claims filed alleging that defendant, New Amsterdam Casualty Company, knew that plaintiff was a partner of Clark and Day Exploration Company prior to issuing its policy; that the policy was issued for the express purpose of protecting plaintiff as a workman or employee under the Workmen's Compensation Act of New Mexico; that the casualty company was now estopped to deny its liability to claimant under the policy it had issued to Clark and Day Exploration Company.

On March 11, 1958, after a hearing on the motion to dismiss and the reply thereto, the court entered an order denying the motion without prejudice and providing in the order that the defendant casualty company could raise the issues argued in support of the motion to dismiss at the time of trial and by answer to the complaint. In due course and on March 12, 1958, the defendants answered the claims denying the accidents, and as a fourth defense alleged respecting the amendment to the original claims that it failed to state a claim upon which relief could be granted under the Workmen's Compensation Act of New Mexico; and, among other things, that the court had no jurisdiction to hear the issues raised by the alleged amendment. Prior to trial defendants moved for separate trials which the court denied.

The consolidated causes came on for trial before the court without a jury. It appeared from testimony of the plaintiff, after relating the history of the two accidents on account of which he claimed compensation, that he had nothing to do with the purchase of the two policies, nor did he discuss provisions of the policy with Frizell, the partner who actually procured the policy.

Counsel for defendants in cross-examining plaintiff limited themselves to questions concerning the issue of the relationship of plaintiff to the partnership. At the conclusion of this limited cross-examination of plaintiff, attorney Ritchie, as one of defense counsel, moved orally for dismissal on the ground it was evident from testimony of plaintiff he was a partner of Clark and Day Exploration Company and not a workman or employee thereof under Workmen's Compensation Act. The motion was taken under advisement by the trial judge until he had heard Werntz, the insurance agent through whom the policy was procured.

Attorney Ritchie announced at this time he had not finished his cross-examination of plaintiff, having confined himself to issue of the partnership, but that they would defer further cross-examination until the court had ruled on their motion. The direct

examination of Mr. Werntz was then conducted, defense counsel persisting in the objection to any questions regarding the workmen's compensation policy as being immaterial to the issues.

At the conclusion of the testimony of Werntz, a physician was called and testified regarding plaintiff's physical condition, which is irrelevant to the issues on this appeal. The trial court, after having heard Wertnz' testimony indulged in the following colloquy with counsel, to-wit:

"The Court: The Court is convinced that the general law is to the effect in the majority holdings that a partner cannot be a recipient of benefits under the Workmen's Compensation Act in the State of New Mexico and our Supreme Court has never spoken on that particular question. Even though our workmen's compensation law in New Mexico, we will assume for the sake of argument, does not include partners unless they are under a contract of hire and actually working partners. The Court is still of the opinion that an insurance carrier of workmen's compensation and a contractor employee, such as this partnership, can enter into a contract to cover such partners. Therefore, your motion to dismiss will be denied. You may proceed.

"Mr. Ritchie: Now as I understand the ruling of the Court, the Court has ruled that a working—

"The Court: Your motion to dismiss is denied.

"Mr. Ritchie: In your finding I am interested in this for purposes of the record and the future conduct.

"The Court: When I decide the issues involved, then we will make our findings, I am just merely making that as the statement of the Court at this time.

"Mr. Ritchie: And it is your belief that a working partner is not an employee under the workmen's compensation law?

"The Court: I believe that the general law is to that effect but I still believe likewise that an insurance carrier can contract with a partnership to cover all the partners, if they so desire, on a contractual basis, that is what I am getting at.

"Mr. Ritchie: And that, so far as you are concerned is the determining issue?

"The Court: Right.

"Mr. Ritchie: In this cause?

"The Court: Right.

"Mr. Ritchie: And you are not determining at this time whether or not under the facts as you have thus far heard them there was a contract to cover them?

"The Court: Not until the case is concluded."

Thereupon, the plaintiff produced in evidence the deposition of Jack A. Frizell, one of the partners and rested his case. Counsel for defense again moved orally for a dismissal, in effect, renewing motions previously made, and, in addition, reminding the court that the Workmen's Compensation Act was sui generis and created rights, remedies and procedures unknown to the common law which it was said are exclusive, and making other arguments against the amendment proposed by plaintiff. At the conclusion of this argument the court announced, "The amendment will be made to conform with the evidence."

After this announcement by the court, the defendants put on no further evidence, merely concluding their cross-examination of plaintiff and limiting that to the disability of plaintiff. Court was recessed during such cross-examination until 9:30 a. m., the following day. Upon reconvening the following morning, a colloquy between court and counsel took place, as follows, to-wit:

"Mr. Ritchie: May it please the Court, comes now the defendant, New Amsterdam Casualty Company, and hereby withdraws from any further participation in this cause and respectfully declines to present any evidence in this cause and as grounds therefor states that the Court having allowed a trial amendment in the form as alleged in the amendment to the complaint filed herein by the claimant conforming the pleadings to the proof and having ruled that the cause is one of contract between the claimant, Max O. Jernigan, and the defendant, New Amsterdam Casualty Company, that being a severable cause of action and removable under the removal statutes of the District Court of the United States and the defendant, New Amsterdam Casualty Company, at this time is proceeding with a removal proceeding of the cause of action as alleged in the amendment allowed by the Court and declines to proceed further.

"The Court: Very well, the Court was under the impression that you had concluded your case, therefore, the ruling of the Court probably was premature, however, the Court withdrew its ruling and allowed you to proceed to submit evidence to substantiate your position after having denied your motion to dismiss. The Court has not formally ruled as yet on the issues involved in this matter, so your presumption that the Court has ruled is premature and erroneous.

"Mr. Ritchie: Well, my understanding, Your Honor, was that the motions made at the close of the claimant's case were denied.

"The Court: The motions to dismiss were denied.

"Mr. Ritchie: And the amendment to the complaint as alleged by the claimant in the form of the amendment to the complaint as appears in the file was allowed. The Court indicated that he would proceed on the basis of the contract, a suit in estoppel in equity against the insurance company.

"The Court: I don't think that you will find anything in the record any place where the Court indicated such, Mr. Ritchie.

"Mr. Ritchie: Well, my understanding was that the Court allowed the amendment and the amendment being allowed that complaint states a cause of action solely against the New Amsterdam Casualty Company and is a severable cause from the original claim and, therefore, removable and we are proceeding with a removal and decline to proceed further in this cause.

"The Court: Very well, is it the Court's understanding now that you have concluded your case and you do not desire to proceed or produce any evidence whatsoever?

"Mr. Ritchie: It is not our position that we have concluded our case. We have presented no evidence for either defendant. The plaintiffs concluded their case yesterday afternoon and we continued with cross-examination of Mr. Jernigan, which was part of the plaintiff's case. We produced no evidence and intend to produce no evidence.

"The Court: Do you desire to complete your examination of Mr. Jernigan?

"Mr. Ritchie: No.

"The Court: Very well, let the record show the statements of counsel and the statements of the Court. The Court will find that the partner, Jernigan is covered under the Workmen's Compensation Act, not under the Workmen's Compensation Act as the employee but is covered under the Workmen's Compensation Act through a contractual relationship between the Agent and the partnership and, therefore, will find total and permanent disability in favor of the plaintiff and will award attorneys' fees in the sum of $2,500.00. Prepare your judgment accordingly.

"Mr. Ritchie: Who does the judgment run against, Your Honor?

"The Court: Both defendants.

"Mr. Klecan: Will the Court rule on the medical expenses?

"The Court: The medical expenses will be included. The Court is in recess."

Judgment was entered against defendants on July 15, 1958, as indicated above in conformity with the theory set forth by the trial judge in the colloquy with counsel. On the same day a petition for removal to the federal court was filed by counsel for defendant, New Amsterdam Casualty Company. On July 28, 1958, only a few days later an order of remand was entered, sending the case back to the district court of Bernalillo County. The next day, July 29, 1958, an order rescinding the order of remand was entered by the federal court, as having likely been due to mistake which rescinding order was itself subsequently vacated. On July 25, 1958, Clark and Day Exploration Company filed requested findings of fact and conclusions with the clerk of the Bernalillo County district court setting forth its position as maintained throughout the proceedings, claiming they had no opportunity of doing so before entry of judgment because no notice given them of such signing.

The judgment in the state district court was signed one hour before the petition for removal was filed in the federal court. As a consequence of this fact counsel on opposing sides to this controversy devote numberless pages of their brief for and against a want of jurisdiction in the state court to enter any judgment against New Amsterdam Casualty Company resulting from a transfer of the cause to the federal court.

In like fashion, both defendants insist there was a want of jurisdiction in the state court to support the plaintiff in a recovery under the New Mexico Workmen's Compensation Act. For purposes of our decision in this appeal, without deciding the nice questions of jurisdiction posed, as governed by the question of timeliness in a transfer of jurisdiction from the state to federal court, we shall assume with plaintiff that jurisdiction remained in the district court of Bernalillo County to determine plaintiff's case, when it did. Nevertheless, we must hold it had no jurisdiction whatever to render the judgment it did in awarding compensation and attorneys' fees to the plaintiff under the New Mexico Workmen's Compensation Act.

It is well established that a working partner is not eligible to compensation as an *employee* under modern workmen's compensation acts. The question has never been squarely presented in this jurisdiction but has frequently been before the courts in sister states. See 71 C.J. 504, § 234, also, page 399, § 131; 99 C.J.S. Workmen's Compensation § 79, p. 300; In re W. A. Montgomery & Son, 91 Ind.App. 21, 169 N.E. 879; Pederson v. Pederson, 229 Minn. 460, 39 N.W.2d 893; Rasmussen v. Trico Feed Mills, 148 Neb. 855, 29 N.W.2d 641; Auten v. Michigan Unemployment Comp. Comm., 310 Mich. 453, 17 N.W. 2d 249.

362

Indeed, the trial court in this very case correctly found and held that as a working partner and, hence, occupying the status of an employer, the plaintiff was not covered by the Workmen's Compensation Act of New Mexico. Still, the court as shown above, supported recovery upon a theory of contract and estoppel. Our Act defines "workman," as follows:

"(i) 'Workman' means any person who has entered into the employment of or works under contract of service or apprenticeship, with an employer, except a person whose employment is purely casual and not for the purpose of the employer's trade or business. The term 'workman' shall include 'employee' and shall include the singular and plural of both sex." 1953 Comp. § 59–10–12.

Additional cases from other jurisdictions holding a working partner not eligible to compensation as an employee are Chandler v. Harris, 47 Ga.App. 535, 171 S.E. 174; Fink v. Fink, Fla., 64 So.2d 770; Brinkley Heavy Hauling Co. v. Youngman, 223 Ark. 74, 264 S.W.2d 409; Le Clear v. Smith, 207 App.Div. 71, 202 N.Y.S. 514; Lyle v. H. R. Lyle Cider & Vinegar Co., 243 N.Y. 257, 153 N.E. 67, 47 A.L.R. 840; Dube v. Robinson, 92 N.H. 312, 30 A.2d 482; Thomas v. Industrial Comm., 243 Wis. 231, 10 N.W.2d 206, 147 A.L.R. 103; Berger v. Fidelity Union Cas. Co., Tex.Civ. App., 293 S.W. 235; Cooper v. Ind. Acci-dent Comm., 177 Cal. 685, 171 P. 684; Rockefeller v. Ind. Comm., 58 Utah 124, 197 P. 1038; McMillen v. Ind. Comm., 13 Ohio App. 310; Wallins Creek Lumber Co. v. Blanton, 228 Ky. 649, 15 S.W.2d 465; Gebers v. Murfreesboro Laundry, 159 Tenn. 51, 15 S.W.2d 737; Chambers v. Macon Wholesale, 334 Mo. 1215, 70 S.W.2d 884, and Harris v. State Ind. Acc. Comm., 191 Or. 254, 230 P.2d 175.

In In re W. A. Montgomery & Son, the Supreme Court of Indiana spoke on the subject, as follows [91 Ind.App. 21, 169 N.E. 880]:

"In the early history of Workmen's Compensation Acts, it was decided by the courts of England that a partner working for his partnership and receiving compensation therefor independent of his share of the profits is not entitled to compensation for injuries sustained. Ellis v. Ellis (1905) 1 K.B. 324. And in the courts of the United States the great weight of authority is to the effect that a co-partner in a partnership business cannot become an employee of himself and his copartners so as to be covered by a policy taken under the provisions of Workmen's Compensation Acts, insuring the partnership against liability for injury to employees. * * *"

And in Wallins Creek Lumber Company v. Blanton, supra [228 Ky. 649, 15 S.W.

2d 466], the Supreme Court of Kentucky said:

"That the Wallins Creek Lumber Company was under no liability to C. H. Blanton under the Workmen's Compensation Act is clear. As a member of the firm he was a coemployer and not an employee within the terms of that act. In the case of Eutsler v. Huff, 222 Ky. 48, 299 S.W. 1070, we held that the members of a partnership, although doing the work of an ordinary employee, could not be included within the number of workmen, so as to bring the firm within the provisions of the Workmen's Compensation Act, since, as we there said, 'one cannot be both an employer and an employee.'

"The act fastens liability on the employer only to the employees, and since C. H. Blanton was a member of the firm, and hence an employer, he could not also be an employee, within the meaning of the Compensation Act. Cf. Georgia Casualty Co. v. Smith, 222 Ky. 216, 300 S.W. 595. The contract of insurance which the firm effected was a contract of indemnity, and only obligated the insurance company to indemnify the Wallins Creek Lumber Company against any liability it might incur under the Compensation Act, and, since this firm was under no liability in this case, neither was the insurance company.

"It is claimed, however, that the firm, and hence the insurance company, is liable because of the waiver or representations which it is said the insurance company's agent made at the time the policy was taken out and/or delivered. Whether or not C. H. Blanton has any direct claim against the insurance company we need not here decide, because this is not a suit by him against the insurance company on any obligation running to him from that company, but is the assertion of a claim against the copartnership for compensation under the Compensation Act. That the Compensation Act does not create such a claim we have seen, since the appellee cannot be both employer and employee. Since he cannot stand in any such dual relationship, there was nothing in this respect for the firm to waive, and hence appellee's claim for compensation must fall."

■■ We could go on indefinitely quoting authorities from the courts of sister states holding a working partner can not recover compensation as an "employee." But it is enough to say that an overwhelming weight of authority supports the proposition that he can not. Hence, we are compelled to conclude the trial court erred in imposing liability upon defendants under the terms of the New Mexico Compensation Act. If the partnership, as employer, was not liable, then its insurer was not.

Counsel for plaintiff assert in argument the defendants are denied the right to raise the question presented on this appeal by reason of having declined to participate at a certain point in the proceedings below. It was the insurer which declined, after giving notice of intention to remove the cause, to participate further. Both defendants prior to that time had plainly and unmistakably challenged the jurisdiction of the trial court, by motions, objections to testimony and otherwise, to transform the cause from one in workmen's compensation to something else. Their position was well known to the court.

■ Furthermore, this Court has held that the objection that the complaint fails to state a cause of action may be raised at any stage of the proceedings, even for the first time in the Supreme Court. In Michael v. Bush, 26 N.M. 612, 195 P. 904, 905, we said:

"Appellants assign as error that the complaint did not contain necessary allegations showing that permission to sue on the administrator's bond had been obtained from the probate court, and in his brief counsel argues that the complaint does not state facts sufficient to constitute a cause of action. This point is raised for the first time in this court, but as has been decided in many cases, the objection that the complaint does not state facts sufficient to constitute a cause of action may be raised at any stage of the proceedings. Baca v. Perea, 25 N.M. 442, at page 446, 184 P. 482, where the authorities on this proposition are collected."

See, also, Baca v. Perea, 25 N.M. 442, 184 P. 482; Sais v. City Electric Co., 26 N.M. 66, 188 P. 1110; In re Field's Estate, 40 N.M. 423, 60 P.2d 945.

In the instant case, the claims as filed, and even as amended, formally, or by the proof taken, disclose an application of the Workmen's Compensation Act to plaintiff's claim for compensation, "not under the Workmen's Compensation Act as the employee and working partner" but, as stated by the court, "under the Workmen's Compensation Act through a contractual relationship between the agent, Clark and Day, the insurance company and the partnership * * *."

■ The establishment of any such state of facts as that recited and the application to it of the doctrine of estoppel, invokes the civil jurisdiction of the district court, quite apart from any possessed by it under a due administration of the act invoked and, accordingly, was in excess of any jurisdiction attaching to the claims as filed and amended. Compare, In re Porter's Estate, 47 N.M. 122, 138 P.2d 260 and McCann v. McCann, 46 N.M. 406, 129 P.2d 646.

It follows from what has been said that the judgment is erroneous and should be

reversed and remanded with a direction to the trial court to set aside its judgment and dismiss the claims sued upon.

It is so ordered.

LUJAN, C. J., McGHEE and CAR-MODY, JJ., and SAMUEL Z. MONTOYA, District Judge, concur.