LITTLE ROCK ROAD MACHINERY *v.* LIGHT

5-3856 403 S. W. 2nd 726
Opinion delivered June 6, 1966

*Chowning, Mitchell, Hamilton & Burrow,* for appellant.

*Wright, Lindsey & Jennings, Kenneth Coffelt, Joe Melton, C. A. Walls,* for appellee.

CARLETON HARRIS, Chief Justice. In April, 1959, appellant, Little Rock Road Machinery Company, sold and delivered a tractor to Earnie Light and Jack Knox, partners, d/b/a K & L Construction Company, pursuant to the terms of a promissory note, and a conditional sales contract, which provided that the title to the tractor was retained in appellant, and that the purchaser would keep the property insured for its full value against loss by fire or other hazards, for the benefit of the seller.[1] The Little Rock Road Machinery Company was the named insured on a blanket policy, issued by appellee, Insurance Company of North America, which covered appellant's insurable interest against certain perils, including loss by fire. Under this policy, the purchaser of a tractor could become a co-insured to the extent of his interest, and appellee, Earnie Light, elected to, and did become, a co-insured under the policy on April 13, 1959. In June, 1960, the tractor was considerably damaged by fire, at which time a balance of $3,831.62 was owed to appellant company on the conditional sales contract and note. Light instituted two suits against the insurance company in connection with the fire loss, which were dismissed without prejudice, appellant not being a party to the actions. The present suit was instituted on July 17, 1962, appellant not being a party, though aware that the suit had been brought: The insurance company, in its answer, alleged that appellant company claimed a lien in the amount of $3,831.62. However, the appellant did not file any pleadings, and the case proceeded to trial between Light and the Insurance Company of

[1] Later the partnership was dissolved, and Knox had no further interest in the tractor, and is not a party to this litigation.

North America. On September 3, 1963, the jury returned a verdict in favor of Light, in the amount of $5,375.30, this sum representing the difference in the value of the tractor before and after the fire loss. Subsequent to this trial, but before judgment was entered on the jury verdict, appellant intervened, asserting that $3,831.62 was owed to it by Light; that it was a named insured on the policy of insurance involved in the litigation, and that it was entitled to judgment for the amount due it against Light and the insurance company. L. J. Carroll, a judgment creditor of Light in another action, totally unrelated to the one at Bar, likewise intervened, and appellee insurance company deposited $5,375.30 into the registry of the court, to be disbursed under the order of the court. Light denied that he owed any amount to appellant company, pleading that appellant had repossessed the tractor, following the fire loss, and that this action constituted an election of remedies, and the company was not entitled to any of the insurance money; Light also sought judgment against appellant for $7,500.00 damages on account of wrongful repossession of the tractor. Appellant filed its motion for a summary judgment, supported by affidavits, as to the cross complaint, asserting that the affidavits reflected that there was no repossession of the tractor, and that no genuine issue as to any material fact existed between the parties. The insurance company pleaded that it had discharged its obligation by paying the amount reached by the jury verdict into the registry of the court. Kenneth Coffelt, attorney, who represented Light, asserted his right to one-half of the $5,375.30 under his contract of employment with Light, and Coffelt later assigned his rights to E. L. Bailey. On hearing, the court found against appellant's contention that it had a prior right to the insurance proceeds, and dismissed the motion for summary judgment; it denied appellant's prayer for judgment against the insurance company, and also denied Light's request for a jury trial on his cross-complaint against appellant, the court dismissing the cross-complaint. As to the insurance proceeds, which had been paid into the registry of the court, the court entered judgment, ordering the following pri-

orities. First, judgment was rendered on behalf of E. L. Bailey, assignee of the attorney's lien in favor of Kenneth Coffelt (attorney for Light), in the amount of $2,687.65; second, judgment was rendered in favor of L. J. Carroll in the amount of $1,019.17; finally judgment was rendered in favor of appellant to the remaining monies in the sum of $1,668.48. From the judgment so entered, Little Rock Road Machinery Company brings this appeal; Light appeals from that part of the judgment awarding the $1,668.48 to appellant, and also that portion denying his request for a jury trial, and dismissing his cross-complaint against appellant.

It is first asserted by appellant that the rights of the parties under the insurance policy were fixed on the date of the fire loss, and that appellant held a prior and paramount interest to $3,831.62 of the money recovered, and the court should have given judgment for that amount. In the alternative, appellant contends that it is entitled to a separate judgment against the Insurance Company of North America for the amount mentioned, plus 12% penalty and attorney's fee. We will first dispose of the question of liability on the part of the insurance company.

The record discloses a stipulation between the Little Rock Road Machinery Company and the Insurance Company of North America, which expressly states that neither knew that Light was not recognizing any interest of appellant in the policy until after the jury verdict. Admittedly, the insurance company informed Little Rock Road Machinery Company of the filing of the suit, and for that matter, appellant does not contend that it did not know of the pending litigation between Light and the insurance company. There was nothing to prevent appellant from intervening. Light refused to accept a check payable jointly to him and appellant, and it appears that the insurance company did the only thing it could do, under the circumstances, *i.e.*, pay the money into the registry of the court. In doing so, it fulfilled its obligation, *viz*, to pay the damage to

the tractor occasioned by the fire. Appellant is not entitled to any relief from this appellee.

We agree with appellant's contention that the rights of the parties were fixed on the date of the fire loss. It is not disputed that, at that time, $3,831.62 was due on the contract. Accordingly, whatever subsequent events took place, appellant, on June 14, 1960 (the date of the fire), was due to receive from the proceeds of the insurance, the amount of money that it is asking in this litigation. The question of whether repossession of the damaged property by the seller precludes the seller's rights to proceeds from the insurance policy is discussed in *Fageol Truck and Coach Company* v. *Pacific Indemnity Company*, 117 P. 2d 661, and *Kolehouse* v. *Connecticut Fire Insurance Company*, 65 N. W. 2d 28. In both cases, the respective courts (of California and Wisconsin) held that the sellers' rights were fixed at the time of the loss, although it is pointed out in *Kolehouse* that a seller would not be permitted to become "unjustly enriched if the amount collected by it from the defendant insurance company, together with the reasonable value of the damaged tractor, which it repossessed, exceeded its actual insurable interest in the tractor as of the date of the * * * loss." We hold that appellant has the prior right to $3,831.62 of the insurance money, subject however, to certain restrictions or limitations, as will be subsequently set out.

It is not clear why the court gave preference to Carroll over appellant. Carroll obtained a judgment for $1,-019.17 on September 3, 1963 (the same date that the jury returned its verdict for Light) and Carroll intervened in this litigation before the court actually rendered a judgment. Certainly Carroll had no right that was paramount to the right of appellant, an insured under the policy, and the court erred in so holding.

Though we have stated that appellant was entitled to receive the amount owed to it at the time the tractor was damaged, this right is subject to the expense in-

curred in enforcing payment. The insurance company and Light were unable to agree on the amount of damage to the tractor, and Light instituted suit. In doing so, he employed counsel to handle the suit for him, and entered into a contract to pay counsel 50% of the amount recovered in payment of legal services. Light, under the policy, had the right to institute suit, but appellant had just as much interest, if not more, in the successful outcome of the law suit. Appellant, as previously stated, was entirely aware of the fact that this suit (as well as two previous ones) had been commenced by appellee. Still, it did not intervene, and the record does not reflect that Little Rock Road Machinery Company assisted in the litigation in any manner. As appellee points out in his brief, appellant "set back and let Light and his attorneys carry the ball and assume the burden of collection for the damage done the tractor by the fire." As it develops, the services rendered by Light's attorney have also benefited appellant. Simple justice demands that this company also be charged with responsibility for a fee, commensurate with the services rendered. See *Winfrey and Carlile* v. *Nickles, Admr.*, 223 Ark. 894, 270 S. W. 2d 923. In other words, appellant cannot obtain its full recovery, leaving the attorneys who obtained that recovery in the position of working gratuitously.

However, appellant is not bound by the contract entered into between the attorney and Light, but counsel is entitled to a fee on a *quantum meruit* basis. As stated in *Winfrey and Carlile* v. *Nickles, Admr., supra,* "The Circuit Court was right in assessing the attorney's fee upon the basis of what would have been fair had St. Paul been a wholehearted and enthusiastic cross-complainant in the litigation, and it is not contended that in that situation the sum allowed would be excessive." Accordingly, we think this question should be determined by the trial court, on remand, at which time it will allow a fee which it deems reasonable to compensate an attorney who has recovered for his client $3,831.62.

The court was correct in refusing to render a sum-

mary judgment for appellant on appellee's cross-complaint, for, under testimony taken before the court (and also before the jury in the original trial), the question of whether Little Rock Road Machinery Company had repossessed the tractor, was a controverted question of fact.[2] Since the issue of whether there was repossession was disputed, it follows that the court erred in dismissing Light's cross-complaint for damages caused by the alleged repossession by appellant, and in denying him a trial by jury on this issue. It may be that the court dismissed Light's cross-complaint on the assumption that the jury had determined that the tractor belonged to Light. Before the jury brought in its verdict, the foreman asked the court who would receive the tractor that was damaged in the fire. The court responded, "The tractor will belong to Mr. Light." This statement was correct, as between the only two parties to that litigation, Light and Insurance Company of North America, but it certainly did not determine the matter of repossession, an issue solely between Light and appellant.

In accordance with what has been said, that portion of the trial court's judgment denying appellant full recovery for the amount of $3,831.62 is hereby reversed, and the court is directed to enter judgment for appellant in that amount *less a sum which it deems to be a reasonable attorney's fee, based on the amount of recovery,* and which shall be paid over to E. L. Bailey, assignee of Kenneth Coffelt. Of course, counsel is still entitled, under his contract, to 50% of the remainder of the monies (over the $3,831.62), which has also been assigned to E. L. Bailey.

[2]Several witnesses testified relative to this question before the jury, and later before the court, including Light, Henry Wilkerson, at whose place of business the tractor was stored, Ernest Pils of Little Rock Road Machinery Company, who handles all matters pertaining to credit and repossession of property, and William P. Witsell Jr., an adjuster, who handled the claim for Insurance Company of North America. Actually, the only issue in the jury trial between Light and Insurance Company of North America was the amount of damage done to the tractor, and testimony relating to repossession was irrelevant in that particular proceeding. Appellant, as mentioned, was not even a party at that time.

That portion of the judgment dismissing Light's cross-complaint for damages caused by the alleged repossession of the tractor by appellant, is reversed, and the cross-complaint reinstated, Light being entitled to a jury trial on this question, if he still so desires.

That portion of the judgment giving Carroll priority over appellant is reversed.

After deducting that portion of the $3,831.62 allowed counsel as attorney's fee, the remainder of the monies due appellant shall remain within the registry of the court as security for any possible judgment that Light might obtain against Little Rock Road and Machinery Company, unless that company executes a proper bond to insure payment of any such judgment.

It is so ordered.