**EMPLOYERS CASUALTY COMPANY, Plaintiff-Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant-Appellee.**

**No. 81–1100.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 14, 1981.

Decided March 4, 1982.

Stephen M. Reasoner, argued, Barrett, Wheatley, Smith & Deacon, Jonesboro, Ark., for plaintiff-appellant.

John S. Cherry, Jr., argued, Barber, McCaskill, Amsler, Jones & Hale, Little Rock, Ark., for defendant-appellee.

Before HENLEY, Circuit Judge, ARNOLD, Circuit Judge, and BECKER,* Senior District Judge.

WILLIAM H. BECKER, Senior District Judge.

Employers Casualty Company (Employers) appeals from a final judgment dismissing with prejudice its complaint [Designated Record (R.) 75]. The final judgment was entered in accordance with an Order (R. 71–74) granting the Motion for Summary Judgment (R. 7) of appellee The Travelers Insurance Company (Travelers) based on five documents described therein and submitted therewith as follows:

(1) A copy of the relevant portions of plaintiff's insurance policy numbered 7AF–A–594580 that, as admitted in the Complaint, provided coverage for the liability giving rise to the instant action. (Exhibit "A")

(2) A copy of the Certificate of Insurance filed by the plaintiff with the Arkansas Transportation Commission. (Exhibit "B")

(3) A copy of the relevant portions of defendant's insurance policy numbered 650–367A810–A–IND–76 that was in effect at the time of the accident giving rise to this action. (Exhibit "C")

(4) A copy of the relevant portions of the deposition of Frank King, Manager of American Transfer and Storage Company's Little Rock office. (Exhibit "D")

(5) A copy of the relevant portions of the deposition of Brent Tyrrell, President of Tyrrell GMC Trucks, Inc. (Exhibit "E")

After receiving the supporting and opposing memoranda and exhibits, the District Court entered an Order containing findings of fact and conclusions of law and granting the motion for summary judgment of appellee Travelers. This Order was as follows:

Sometime in May or June of 1977, the plaintiff's insured entered into an agreement with the defendant's insured to acquire the use of a 1973 GMC Astro tractor for use in the plaintiff's insured's moving and freight business. On June 21, 1977 a motor vehicle accident occurred involving this tractor while it was being operated by the plaintiff's insured. The collision resulted in the death of the driver of the other automobile, Troy W. Frix, and the administrator of his estate brought an action in Crittenden County, Arkansas for his alleged wrongful death. The plaintiff assumed the defense on behalf of their insured and called upon the defendant to participate in this defense. (There is a dispute as to when actual notice of this litigation was received by defendants, but the court does not feel that this issue affects the resolution of the summary judgment motion before the court at the present time.) The defendant declined to participate in the defense, and shortly before trial the plaintiff entered into a settlement agreement with the estate of Troy Frix and brought the instant litigation in an effort to receive contribution or indemnity from the defendant with respect to the settlement agreement entered into between the estate of Troy Frix and the plaintiff.

The defendant declined to participate in the defense of the Troy Frix action

---

* The Honorable William H. Becker, United States Senior District Judge for the Western District of Missouri, sitting by designation.

and has denied liability in the instant litigation in part based on a rental exclusion contained in its policy of insurance with its insured. (See page 3, paragraph G of defendant's insurance policy No. 650–367A810–A–IND–76, which is Exhibit C to the Defendant's Motion for Summary Judgment.) The defendant asserts other defenses to this action, but relies on the rental exclusion and the fact that the plaintiff has filed a certificate of insurance with the Arkansas Transportation Commission as support for its Motion for Summary Judgment filed November 26, 1980. The court is not impressed with the defendant's argument which focuses on the filing of the certificate of insurance with the Arkansas Transportation Commission by the plaintiff's insured. However, because of the court's resolution of the issue revolving around the rental exclusion contained in the defendant's insurance policy, the issue presented by the filing of this certificate of insurance need not be reached.

In order to prevail on their motion for summary judgment, the defendant must demonstrate to the court that there exists no genuine issue of material fact and that it is entitled to judgment as a matter of law. Rule 56 of Fed.R.Civ.P. The defendant, therefore, must persuade the court to the view that the rental exclusion clause in its policy shielded it from liability arising out of the June 21, 1977 collision. In order to sustain this position, the defendant bears the burden of demonstrating to the court that the agreement between the parties' insureds was in the nature of a rental agreement. In order to resolve this issue, the court must look at the facts as they existed at the time of the June 21, 1977 accident and cannot be controlled by any subsequent actions on the part of either of the insureds or their insurors. *Little Rock Road Machinery Company v. Light*, 240 Ark. 1012, 403 S.W.2d 726 (1966).

The evidence presented to the court on the defendant's Motion for Summary Judgment and the evidence which would be introduced at a trial on the merits concerning this issue consists of the deposition of Frank King, the owner-manager of the plaintiff's insured, and the deposition of Brent Tyrrell, the president and manager of the defendant's insured. Sometime in May or June of 1977, Mr. King had occasion to have one of his tractors repaired at Mr. Tyrrell's business. Several days after the tractor had been submitted to Mr. Tyrrell for the necessary repairs, Mr. Tyrrell informed Mr. King that an instrumental part needed in making the repairs would be delayed in arriving and therefore the completion date on the repairs would be postponed. Mr. King explained to Mr. Tyrrell that the nature of his business required that he secure another tractor to pull one of his trailers in his business. In the words of both Mr. King and Mr. Tyrrell, an agreement was reached whereby Mr. King rented from Mr. Tyrrell a tractor for the sum of $25.00 per day. It is not disputed that this $25.00 per day figure is less than the market rate for the renting of a similar tractor. This discrepancy is explained by the fact that Mr. King was a good customer of Mr. Tyrrell, and Mr. Tyrrell wanted to make an effort to accommodate Mr. King. Mr. Tyrrell did explain in his deposition that on occasion he would loan a truck to a customer without any charge and that in fact this had occurred between Mr. King and Mr. Tyrrell in the past. (See Tyrrell deposition at pages 28–30.) Both men recalled the incident where Mr. Tyrrell loaned Mr. King a bob truck with no charge, and this was explained by the fact that Mr. Tyrrell hoped to sell the bob truck to Mr. King. This was not contemplated in the instant transaction involving the tractor.

While the monetary considerations may have been less than the market would bear, the fact that a rental agreement was entered into by these two gentlemen cannot be ignored. Even though Mr. Tyrrell subsequently excused Mr. King from paying the rent, at the time of the accident there existed a binding rental agreement between these two insureds.

It is in this posture that the court must resolve the issue of whether or not the rental exclusion applied. The court finds that it does apply and that the defendant has no liability for the June 21, 1977 collision. No other conclusion can be reached.

While there is no evidence that Mr. King and Mr. Tyrrell discussed the subject of insurance in anticipation of application of the defendant's rental exclusion clause, it is interesting to note that these two men did in fact discuss whether or not the $25 per day included insurance. Mr. Tyrrell responded in the negative to Mr. King's inquiries as to whether insurance was included in the $25.00 per day rental.

Where the evidence which would be presented at trial is the same evidence which is presented on a motion for summary judgment and the moving party on the summary judgment would be entitled to a directed verdict at trial, a summary judgment is appropriate. *Lundeen v. Cordner*, 354 F.2d 401 (8th Cir. 1966). The court does find that, based on the evidence concerning the applicability of the rental exclusion clause in the defendant's insurance policy, the defendant would be entitled to a directed verdict at trial and further finds that no genuine issue of material fact exists and that the defendant is entitled to judgment as a matter of law.

It is therefore ordered that the defendant's Motion for Summary Judgment is granted, and judgment is to be entered in accordance with the court's order.

The complaint of appellant Employers alleged diversity of citizenship and presence of the jurisdictional amount. The complaint further alleged, in substance, that on June 21, 1977, a tractor-trailer combination driven by Ronnie Lewis, in the course of his employment by American Transfer and Storage Company (American), the insured of Employers under a liability policy, struck an automobile driven by Troy W. Frix and caused the death of Frix; that the facts of the "accident" made it highly probable that the ensuing tort action filed in state court to recover damages for the death of Frix would result in a verdict against the driver Lewis and his employer American for a sum much larger than $180,000; and that pursuant to the obligation to provide a defense in the death action, appellant Employers provided a defense and settled the action for $180,000. It is further alleged that appellee Travelers provided the primary or concurrent liability coverage on the tractor owned by Tyrrell GMC Truck, Inc. (TGMC), and which struck the automobile driven by Frix on June 21, 1977; that appellant Employers notified Travelers of the "accident" and of its primary coverage on the tractor, and requested Travelers to participate in the defense and negotiations to settle the action for the death of Frix; that Travelers refused the requests; that at the time of the collision the tractor driven by Lewis belonged to TGMC and had been loaned to American while a tractor unit belonging to American was in the shop of TGMC for repairs; and that Travelers was obligated to pay to Employers as much of the $180,000, and attorneys fees, as was within the limits of coverage of Travelers, or alternatively for contribution of its pro rata coverage.

In the prayer of its complaint Employers prayed judgment accordingly, in the alternative, for all of the $180,000 within the limits of coverage of Travelers as primary insurer, or for contribution of the pro rata share of coverage of Travelers as concurrent insurer, and also for attorneys fees of the action in the District Court.

In its answer appellee Travelers, among other defenses, asserted affirmatively that its policy of insurance issued to TGMC specifically excluded coverage for the tractor, which was rented by TGMC to American while the truck of American was being repaired by TGMC.

After the taking of depositions and identification of the insurance policies, all referred to in the summary judgment papers, appellee filed the motion for summary judgment which was granted by the District Court, as stated above.

*Contentions of Appellant on Appeal*

Appellant Employers contends that the District Court erred in granting appellee's motion for summary judgment because: (a) it erred in "assuming" that Tyrrell and King for American had the "assumed" conversation as stated in their depositions about the payment of $25.00 per day by American while its tractor was being repaired; and (b) the rent was not in fact asked for or paid, and on the contrary was forgiven, and therefore coverage was not "fixed at the time of the accident" (as stated by the District Court) regardless of the assumed conversation.

*Contentions of Appellee on Appeal*

Appellee Travelers contends that the summary judgment was properly entered because: (1) its policy of liability insurance specifically excluded coverage for liability arising out of operation of the tractor of TGMC when rented to American; and (2) that under applicable Arkansas law the rights of the parties were fixed at the time when "the contingency giving rise to these rights occurs ... notwithstanding the insured's subsequent actions."

*Decision and Reasons*

We agree with contentions of appellee Travelers, and the findings of fact and conclusions of law of the District Court. Therefore we approve the judgment dismissing the complaint with prejudice for the following reasons.

### I

*The Existence of a Rental Agreement Was Properly Determined at the Time the Collision and Fatal Injury Occurred*

It is provided in paragraph (c) of Rule 56 F.R.Civ.P., on motions and proceedings for summary judgments as follows:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

This provision in Rule 56(c) clearly authorized the action of the District Court in granting the motion for summary judgment when the pleadings, the uncontroverted documents and material portions of the depositions were considered under the law of Arkansas applicable in this diversity action.

■ First, the existence of the exclusion in the garage liability coverage of appellee Travelers is established beyond doubt. The exclusion is found in Exhibit C of the motion for summary judgment and reads as follows (R. 21):

B. EXCLUSIONS

1. Coverages G and H do not apply:

\* \* \* \* \* \*

(g) with respect to a garage operation, to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any ... (ii) while rented to others by the Named Insured ....

Appellant has not shown that the construction and application of the rental exclusion of appellee's policy was an erroneous application of Arkansas law. The exclusion was applicable to the proven agreement of rental of the tractor by TGMC to American for a daily charge, in the absence of a contrary statute. This holding of the District Court was in accord with the majority view in the United States distinguishing between rentals for hire and gratuitous loans. See 6C (Revised 1979) Appleman, *Insurance Law and Practice,* § 4453 and 1981 Pocket Part; 7 Am.Jur.2d *Automobile Insurance,* 221 and Cum.Supp. June 1981; Annotation: 93 A.L.R.2d 1047, Part III, § 10[h] at 1077–78. The District Court was warranted in concluding that the exclusion was valid and effective under Arkansas law. Appellant Employers does not directly attack this conclusion of the District Court, which we approve. This leaves only the question whether the District Court was correct in finding that the portion of the depositions relied on by the appellee Travel-

ers show that there is no genuine issue of material fact that the tractor was on June 21, 1977 rented by TGMC to American when the collision and fatal injury of Frix occurred.

In determining this issue, it is necessary to determine the preliminary legal question whether the existence of the alleged rental contract should be determined as of the time the collision and fatal injury of Frix occurred, and the liability to him became fixed. We hold that the District Court did not err in answering this question in the affirmative under Arkansas law.

## II

### There Was No Material Issue of Fact of Existence of a Rental Contract at $25 Per Day

The District Court correctly concluded from the pleadings, documents and depositions that there was no genuine issue of material fact. The only factual issue regarding which appellant Employers asserts that there was a genuine issue determinable by the trier of facts, is the existence of an agreement for rental of the tractor between TGMC and American at the time of the collision and fatal injury. The transaction and agreement for use of the tractor belonging to TGMC by American was made prior to June 21, 1977, by authorized officers Brent Tyrrell for TGMC and Frank King for American. Tyrrell and King were the only witnesses and parties to the transaction in question. Their depositions were taken, filed and cited by both appellant and appellee in support of their contentions on appeal.

It is conceded by appellant that TGMC in May and June of 1977 was engaged in the business of selling, servicing and repairing trucks and tractors of the type used by American; that American had previously been a substantial customer of TGMC when American in late May or early June took one of its "trucks" (an over the road "cab over" diesel tractor) to TGMC for repair; and that several days later Tyrrell informed King that receipt of a necessary part needed in making repairs would be delayed, and

it would be some time until the American tractor could be repaired and delivered to American. King explained that he needed another tractor to pull one of his trailers on an over-the-road commercial haul; and that Tyrrell agreed to provide American with one of the tractors of TGMC for this use by American until American's truck could be repaired. The tractor so provided while operated by American was involved in the collision and fatal injury on June 21, 1977. [Appellant's Brief 3; Deposition (Dep.) of Tyrrell, pages 10 and 14; Dep. of King, pages 10–12.]

The rental was fixed at $25.00 (without other sums) per day. This amount was less than the going rate charged for a similar tractor by owners in the rental business. King for American agreed that the rental fee did not include gasoline, lubrication, driver and insurance during the rental. (Dep. of King 10–12). King caused insurance coverage of the rented tractor to be added to the fleet policy of American issued by appellant. (Dep. of King 13).

Appellant contends that there is a genuine issue of material fact because: (1) there is deposition testimony that the rental was not asked for or collected by TGMC after the collision and fatal injury; (2) the factual finding of a rental contract was based on an "assumed" conversation; and (3) the testimony of Tyrrell in his deposition at pages 49–54, and a letter from him dated May 27, 1977, indicate that there was a "loan" of the tractor.

The deposition testimony relied on by appellant, with later generated equivocal lay expressions and conclusions about the legal nature of the agreement for use of the TGMC tractor by American fall far short of creating a material issue concerning the existence of the rental agreement. The rental agreement was proven by the undisputed and unequivocal factual testimony in the depositions of King and Tyrrell, the parties who made the rental agreement.

The use of the word "loan" in the letter of May 27, 1977, from Tyrrell is not inconsistent with the existence of a rental which is a loan for hire at a daily rental.

*Carrier Insurance Co. v. American Home Assurance Co.* (C.A. 10 1975) 512 F.2d 360, *Ritter v. U. S. Fidelity and Guaranty Co.* (C.A. 8 1978) 573 F.2d 539, and *Peterson v. Marlowe* (Minn.1977) 264 N.W.2d 133, relied on by appellant, are not in point and are readily distinguishable from this case and the challenged conclusion of the District Court in this action.

For the foregoing reasons, the judgment of the District Court is affirmed.