**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**Milton HOLLINGSWORTH, Jacqueline Hollingsworth, Dave Doty, Robert Engleman, Jr., Doug Stout and Robert A. Barnes, Defendants.**

No. C87–148–K.

United States District Court, D. Wyoming.

Aug. 27, 1987.

Frederick J. Harrison, Rawlins, Wyo., appeared on the brief as counsel, for plaintiff.

Keith Goody, Jackson, Wyo., appeared on the brief as counsel for defendant Barnes.

## ORDER SUSTAINING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (WITH FINDINGS)

KERR, District Judge.

The above-entitled matter having come on regularly before the Court on cross-motions for summary judgment, and the Court having carefully reviewed and considered the motions and briefs of all parties together with the affidavits filed therewith, and being fully advised in the premises, FINDS:

Defendants Milton and Jacqueline Hollingsworth owned a 1977 Chevrolet 4 x 4 pickup truck which was insured by the plaintiff State Farm Mutual Automobile Insurance Company (State Farm). The pertinent provisions of that insurance policy will be addressed in the course of this Order.

Defendant Milton Hollingsworth was employed by Sublette Electric Company near LaBarge, Wyoming as a construction foreman. At all relevant times, Hollingsworth was party to an oral lease with Sublette Electric whereby the latter paid Hollingsworth $400.00 per month to rent and use

his insured pickup truck for various job-related activities. An additional provision of the lease was that Sublette Electric would be responsible for the maintenance of the insured vehicle.

In the early morning hours of March 17, 1986, a bus was taking some Sublette Electric employees to the job site in conformance with the company's policy which prohibits employees from driving their own vehicles onto the construction site. Among the employees on board the bus that wintery morning were Hollingsworth and defendant Barnes. The bus became mired in the snow before reaching its destination. Shortly thereafter, the Hollingsworth pickup truck, driven by defendant Stout, came upon the place where the bus had become disabled. Hollingsworth and defendant Doty got into the pickup truck while Barnes jumped on the running board, holding onto the rearview mirror.

After the pickup truck departed, Doty opened the door, and as a result of this action, Barnes was thrown off the truck, allegedly sustaining severe back injuries. It is because of this accident that Barnes seeks compensation from Hollingsworth's insurer, State Farm.

There is no doubt as to liability for this mishap. What remains to be determined is who will ultimately be liable. With regard to State Farm, the extent of its liability, if any, is to be determined from the four corners of its insurance policy with Hollingsworth, the relevant provisions of which will hereinafter be discussed.

I. *The Rented Vehicle Exclusion*

■ The policy unequivocally provides as follows:

There is no coverage:

1. While any vehicle insured under this section is:

a. Rented to others or used to carry persons for a charge. This does not apply to the use on a share expense basis of:

(1) a private passenger car; or

(2) a utility vehicle, *if all passengers are riding in that area of the vehicle designed by the manufacturer of the vehicle for carrying passengers.*

(Emphasis added).

It is clear from the facts of this case that the insured, Hollingsworth, leased his pickup truck to his employer, Sublette Electric, for $400.00 per month. Barnes maintains that this provision is inapplicable to him because the pickup truck was not a rented vehicle or, in the alternative, if it was a rented vehicle, coverage should nonetheless extend because the use falls under the passenger car used on a share expense basis exception to the exclusion from coverage. Neither of the defendant's contentions pass muster. Hollingsworth's deposition clearly indicates that he received $400.00 per month from Sublette Electric for use of his truck. (Hollingsworth Civil Depo. 16:1–2). The truck remained at the job site at night. Further, on the occasions that Hollingsworth wanted to use his pickup, he had to ask permission of his superiors. (*Id.* at 17:19–21; 18:18–21). Hollingsworth himself stated that he was renting his pickup to Sublette Electric. (*Id.* at 15:21).

■ The existence of a rental agreement is to be determined at the time of the accident. *Employers Casualty Co. v. Travelers Insurance Co.*, 673 F.2d 212, 216 (8th Cir.1982). The evidence in this case clearly supports the existence of such an agreement, albeit oral. As Professor Couch in his widely respected treatise observes: "A car is 'rented' where it is operated by a third person under an agreement to pay the insured for the use thereof." Couch on Insurance 2d (Rev. ed.) § 45:1020, at 689 (1981). A rental agreement contemplates benefit to both parties. The lessor receives a profit for the agreement while the lessee has beneficial use. Absent such mutual benefit, no rental agreement exists for purposes of insurance coverage.

Defendant Barnes' alternative contention fares no better. First, the pickup truck is not a "private passenger car." In pertinent part, a private passenger car is defined in the policy as "a *car* with four wheels of the private passenger or station wagon type...." (Emphasis in policy). The policy classes a pickup truck as a "util-

ity vehicle," which it defines as "a motor vehicle with a pickup, panel or van body...." While the private passenger car exception is inapplicable, so too is the subsequent utility vehicle exception reproduced above because not all the passengers were riding inside the pickup. Truck manufacturers do not designate the running board as an area of the vehicle designed for carrying passengers.

## II. *Notice*

 Hollingsworth's policy contains the following prerequisite to coverage:

> The insured must give us or one of our agents written notice of the accident or loss as soon as reasonably possible.

While the injury to Barnes occurred on March 17, 1986, the incident was not reported to State Farm until November 14, 1986, some eight months later. All defendants were eyewitnesses to the injury, yet Hollingsworth chose not to immediately report it on the justification that he would have also had to report that Barnes was riding in a prohibited manner. Defendant Barnes further argues that the insured was justified in delaying notification due to his belief that the injury was trivial and that no claim would be made against him.

As Tenth Circuit Court Judge Doyle observed with regard to such a notice provision: "The giving of the required notice under a clause of this nature is under the law an essential condition." *Jennings v. Horace Mann Mutual Insurance Co.*, 549 F.2d 1364, 1366 (10th Cir.1977). In that case, a year had elapsed between the time of the accident and the time of notification of such accident. The court affirmed the finding below that this period was unreasonably long, citing the test to be applied as a subjective one taking into account the circumstances of the insured. Absent a legal excuse for failure to timely notify, a policy provision has been violated. In the *Jennings* case, the evidence showed that the insured was confused as to whether his insurance coverage was applicable in that instance. Judge Doyle, writing for the court, affirming the unreasonableness of the notification, remarked:

Considering that the entire automobile insurance relationship is shrouded with mystery, it is not surprising that confusion existed. These considerations do not, however, justify overturning the finding of the trial court who heard the evidence that the excuse was not a justifiable one.

*Id.* at 1367.

 Not only does the notice requirement enable the insurer to carry out a timely investigation of the events and circumstances surrounding an accident, but also reasonable notice provides the insurer with an opportunity to verify liability, prevent fraud, and mitigate damages through settlement. *Granite State Minerals v. American Insurance Co.*, 435 F.Supp. 159 (U.S.D.C.D.Mass.1977).

 This Court finds that the eight month delay in this case was manifestly unreasonable and without legal excuse. Defendant Barnes himself indicated in his deposition that immediately following the accident he told Hollingsworth he was in pain and wanted to see a physician. Only where there is no reasonable ground for believing that bodily injury would result from an accident does sufficient excuse lie for delaying notification of the insurer. *Watson v. Western Casualty & Surety Co.*, 72 N.M. 250, 382 P.2d 723, 727 (1963).

## III. *Cooperation*

 The cooperation provision basically requires the insured to assist the insurer in its investigation and any subsequent settlement. The violation of this provision can be summarily disposed of. Clearly, by failing to provide reasonable notification to State Farm, Hollingsworth failed in any cooperation.

## IV. *The Fellow Employee Exclusion*

 The pertinent provision in the policy provides that:

> There is no coverage:
>
> \* \* \*
>
> 2. For any bodily injury to:
> a. A fellow employee while on the job and arising from the maintenance

**1480**

or use of a vehicle by another employee in the employer's business. You and your spouse are covered for such injury to a fellow employee.

Citing Couch on Insurance 2d § 45:545, Chief Justice Rose explains that the purpose behind this provision is to protect an employer from having to pay for separate insurance in addition to worker's compensation. *Barnette v. Hartford Insurance Group*, 653 P.2d 1375, 1377 (Wyo.1982).

Defendant Barnes argues correctly that the policy expressly provides that Hollingsworth is covered for injury to a fellow employee, but beyond this point the argument carries no weight. The fact remains that Hollingsworth leased his pickup truck to his employer, Sublette Electric. This Court agrees with the opinion of Judge Ranck as expressed in his decision letter in the worker's compensation claim arising out of this incident. Judge Ranck correctly concluded from the evidence that the pickup truck was a company truck used for company business rather than a private truck. Consequently, the provisions of worker's compensation are brought into play.

### V. *The Worker's Compensation Exclusion*

The policy provides that coverage does not extend if worker's compensation or similar law picks up the obligation to pay. The opinion of this Court as expressed in the preceding section supports a finding of nonliability by State Farm under this exclusion and makes further explanation unnecessarily cumulative.

### VI. *The Ownership, Maintenance or Use Provision*

As concerns Hollingsworth's coverage, the policy states that:

We will:

1. pay damages which an insured becomes legally liable to pay because of:
 a. bodily injury to others, ... caused by accident resulting from the ownership, maintenance or use of your car ...

It is true that Hollingsworth was the owner of the pickup truck, but this provision cannot be read in a vacuum. The fact remains that Hollingsworth rented his truck to his employer for a monthly compensation and in doing so excused State Farm from any obligation to pay claims arising out of Sublette Electric's use of the truck during such period.

To prevail on a motion for summary judgment, it must be demonstrated to the Court that there exist no genuine issues of material fact and that the movant is entitled to Judgment as a matter of law. Rule 56 of Fed.R.Civ.P.

Based on the foregoing, the Court finds no dispute as to any material fact, thus rendering the matter ripe for summary judgment.

NOW, THEREFORE, IT IS ORDERED that Defendant Barnes' motion for summary judgment be, and the same is, hereby denied; it is

FURTHER ORDERED that plaintiff's motion for summary judgment be, and the same is, hereby granted.

DATED this 27th day of August, 1987.