(No. 40873.—

METRO CONSTRUCTION, INC., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Johnnie L. Melton, Appellee.)

*Opinion filed March 28, 1968.*

HERBERT M. SPECTOR, of Rock Island, for appellant.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Rock Island County, affirming a workmen's compensation award by the Industrial Commission to Johnnie L. Melton.

Metro Construction Co. sells siding, roofing and improvements to home owners and then arranges for application by outside workmen. It is basically a sales organization and after entering into a contract with a customer it de-

livers the necessary material to the site ready for application. It has no employees other than its officers and salesmen on a commission basis. It does not directly apply siding, but has it done by others who furnish their own tools and who are paid on a square-foot basis.

In this particular instance Troy Melton, brother of Johnnie Melton, was retained by Metro Construction Co. to apply aluminum siding to a home in Davenport, Iowa, as he had done several times before. He was assisted by his brother Johnnie who had worked with him on other jobs for Metro and other suppliers. One of Johnnie's fingers was mashed while the siding was being applied and he was granted an award for his injuries.

It is apparent that neither Troy nor Johnnie was employed by Metro. Negotiations with Troy resulted in an agreement whereby the work was to be done on an independent contract basis. Metro furnished no tools or equipment, it did not supervise or control the work, and payment was negotiated on a basis of so much for each hundred square feet. Payment was to be made when the home owner was satisfied with application of the siding and had signed a completion certificate. It was for a lump sum without deduction for withholding or social security taxes. Troy signed a statement to that effect with the further provision that Metro was not to be liable for contributions to the State or Federal unemployment tax fund.

Because of the provision in section 1 of the Workmen's Compensation Act (Ill. Rev. Stat. 1965, chap. 48, par. 138.1(a)3), that one who engages a contractor shall be liable for compensation to the contractor's employees where the contractor has no compensation coverage, the status of the relationship between Troy and Johnnie Melton is determinative of this appeal. The only testimony on the work relationship of the brothers came from Johnnie, Troy not being a party or appearing to testify. A fair appraisal of his testimony disclosed that they were partners. They had

three previous jobs from Metro and in each case the job was secured by Troy, the checks were made payable to Troy, cashed by him, and the proceeds were divided equally between them. Each furnished his own tools. On this particular contract Johnnie testified: "Well, I had a job at the time and he told me if I quit this job then he would go down to Metro Construction and get a job and we would go together and go together fifty-fifty on what we made." Several times on cross-examination he replied affirmatively to a question as to whether they were partners and when asked if his brother had the right to hire other people he answered, "No, not anymore than I did." The record amply establishes a partnership.

We have not heretofore been called upon to decide the question of whether in compensation cases working partners can, at the same time, be employees of the partnership. In another field the Appellate Court, First District, said: "Defendant cannot be an employee and a copartner of plaintiff at the same time in the same business, since a partner is a co-owner." (*Cook* v. *Lauten,* 335 Ill. App. 92, 97.) A number of other jurisdictions have held no disability in compensation cases. For example, in a relatively early New York case it was said: "The Workmen's Compensation Law, in our opinion, does not contemplate any such anomalous situation and it is entirely opposed to well and long established principles of law * * * that a partner should have a claim against himself and his copartners for an accident springing out of the work of the copartnership and for the conduct of which he is responsible." (*Lyle* v. *H. R. Lyle Cider & Vinegar Co.* (1926), 243 N.Y. 257, 153 N.E. 67.) "In the workmen's compensation field it appears that with the exception of one jurisdiction (Oklahoma) every court where this issue has arisen has held that working partners are not employees within the meaning of the statutes." (*In re Ryder's* case (1961), 341 Mass. 661, 171 N.E.2d 475.) Approximately 15 other States take this posi-

tion. (See assembled cases, Larson, Workmen's Compensation Law, Footnote to section 54.30.) Oklahoma's view appears to have been followed only by Louisiana in *Trappey v. Lumbermen's Mutual Cas. Co.* (1956), 229 La. 632, 86 So. 2d 515. We think the majority view to be sound and it is adopted.

The decision of the Commission was against the manifest weight of the evidence and the judgment of the circuit court of Rock Island County confirming the decision is reversed and the award is set aside.

*Judgment reversed;*
*award set aside.*