Mabel M. DUNN, Claimant and Respondent,

v.

NORTH DAKOTA WORKMEN'S COMPEN-
SATION BUREAU, Defendant
and Appellant.

Civ. No. 8730.

Supreme Court of North Dakota.

Oct. 22, 1971.

Nelson, Mack & Moosbrugger, Grand Forks, for claimant and respondent.

Helgi Johanneson, Atty. Gen., David L. Evans, Asst. Atty. Gen., and L. W. Fraase, Special Asst. Atty. Gen., Bismarck, for defendant and appellant.

STRUTZ, Chief Justice.

This appeal by the North Dakota Workmen's Compensation Bureau is from a judgment of the district court of Grand Forks County entered on July 23, 1970, which judgment ordered the Bureau to pay compensation benefits to the claimant on the ground that the claimant's decedent was an executive officer of Harold's Tire Supply, a business in which the deceased was a partner. The basis of the award was that the deceased, as such executive officer, performed duties of a kind generally performed by employees. With the notice of appeal, the appellant Bureau served specifications of error, setting forth certain errors of law which it asserts were committed by the trial court.

The facts in the case do not seem to be disputed. The decedent was a partner in the business known as Harold's Tire Supply. He spent the entire day on which he died in the shop recapping tires. The work which he performed included the lifting of tires, some of which weighed up to 160 pounds. During the day, he complained to a co-worker of chest pains. Just before quitting time, he said he felt weak. He then sat on a tool kit and thereafter lay on the floor, where he died.

The trial court's decision for the claimant was based on the proposition that the decedent, although a partner in the business, also was an executive officer who performed duties of a kind generally performed by an employee, and that he therefore was not exempt from coverage under Subsection 5 par. b(3) of Section 65–01–02, North Dakota Century Code, which reads:

"(3) Any executive officer of a business concern shall mean only the president, vice-presidents, secretary, or treasurer of a business corporation whose duties are solely those of such executive office, and if an executive officer also performs duties of a kind generally performed by an employee, such employment is not exempt; * * *"

There is but one issue to be decided on this appeal, and that is whether the deceased, as a partner doing the work of an employee, was covered at the time of his death on the ground that he was an executive officer also performing duties of a kind generally performed by an employee, and that his employment therefore was not ex-

empt under the provisions of the law above referred to.

■ The purpose of the Workmen's Compensation Act as originally enacted in 1919 was to grant sure and certain relief to the wage workers of the State and for their families, without regard to questions of fault and to the exclusion of every other remedy. Sec. 1 of Ch. 162, S.L.1919, now Sec. 65–01–01, N.D.C.C.

Four years after the Workmen's Compensation Act first was enacted, the Legislative Assembly extended coverage of the law to include an employer. The amendment provided:

> "Any employer, by special contract with the bureau, may secure insurance protection against injuries to his own person or for his own death when such injury or death occurs in the course of his work in an industry in which he has secured such protection against injuries to his employees." Sec. 65–07–01, N.D. C.C.

"Employer" is defined in Subsection 7 of Section 65–01–02, North Dakota Century Code, as—

> "c. Every person, partnership, association, and private corporation, including a public service corporation;
> * * *"

■ The claimant's decedent, as a partner in Harold's Tire Supply, would seem to come within this definition of "employer" and thus would be exempt from coverage unless covered by a special contract with the Workmen's Compensation Bureau, which it is conceded he did not have. The trial court, as indicated above, found that the claimant's decedent, although a partner, qualified for coverage under Subsection 5, par. b(3) of Section 65–01–02, cited above. The court found that the decedent, in addition to being a partner, was an executive officer of the business and was performing duties of a kind generally performed by an employee, and that the employment thus was not exempt from coverage under the Workmen's Compensation Act.

■ We have carefully considered this contention, and we cannot agree with the trial court in its conclusion. The subsection referred to clearly is limited to officers of a business corporation, since it states that its provisions shall apply only to "the president, vice-presidents, secretary, or treasurer of a business corporation" if such officer also performs duties of a kind generally performed by an employee.

The claimant asserts that if the provision in question is interpreted so as to apply only to executive officers of a corporation and not to executive officers of a partnership, such section is unconstitutional as discriminatory against the executive officers of a partnership, and thus unconstitutional under Section 20 of the North Dakota Constitution, which provides that no special privileges or immunity shall be granted by the Legislative Assembly.

■ This court has held that Section 20 of the Constitution does not prohibit appropriate legislative classification where proper facts justify such classification, so long as an Act applies uniformly to all within a class under similar circumstances. Ferch v. Housing Authority of Cass County, 79 N.D. 764, 59 N.W.2d 849 (1953).

■ There is a valid basis for placing executive officers of a corporation in a different classification from that of partners who also are executive officers of a partnership. A partner is an owner of the business, and he may, if he chooses, enter into a special contract with the Workmen's Compensation Bureau for insurance coverage as such owner. Executive officers of a corporation, on the other hand, would have no authority to secure such coverage for themselves. Therefore, we find no dis-

crimination in the law when it is limited to executive officers of a business corporation, and it is held not to include executive officers of a partnership.

The decedent, as a partner and owner, could have secured insurance coverage for himself had he desired it, under the provisions of Section 65–07–01, North Dakota Century Code. But he did not choose to do so and he did not attempt to enter into a special contract with the Workmen's Compensation Bureau for such coverage. Consequently, he was not covered by the Workmen's Compensation Act at the time of his death, and the judgment of the district court must be reversed.

TEIGEN, ERICKSTAD, PAULSON, and KNUDSON, JJ., concur.