506 S.E.2d 794

**James Leland RADER and Karen Sue Rader, his wife, Plaintiffs below,**

v.

**AMERICAN ASSOCIATION OF CHRISTIAN SCHOOLS, a corporation, and Gallagher Bassett Services, Inc., a corporation, Defendants below.**

No. 24893.

Supreme Court of Appeals of West Virginia.

Submitted June 9, 1998.

Decided June 24, 1998.

William H. Scharf, Esq., Charleston, West Virginia, Attorney for the Plaintiffs.

David K. Schwirian, Esq., Pauley, Curry, Sturgeon & Vanderford, Charleston, West Virginia, Attorney for the Defendants.

STARCHER, Justice:

This case is before this Court on two questions certified from the United States Court of Appeals for the Fourth Circuit. The case arises from a September 1994 injury sustained by a partner in a two-man partner-

ship, in the course of and as a result of his work for the partnership. Because the partnership did not subscribe to the West Virginia Workers' Compensation Fund, the injured partner sought medical benefits for his injuries from his wife's employer's health insurance plan. The health insurance carriers refused to provide medical benefits, relying upon an exclusion in the health insurance plan against injuries compensable under any workers' compensation law.

The partner, plaintiff James Leland Rader, filed a lawsuit to recover medical benefits against the health insurance carriers, defendants American Association of Christian Schools ("AACS") and Gallagher Bassett Services, Inc. ("Gallagher"). The health insurance carriers defended the action, claiming that under West Virginia law the plaintiff would have been eligible for workers' compensation benefits if he had applied for such benefits. A federal magistrate judge ruled that the plaintiff was not eligible for workers' compensation benefits and was therefore entitled to medical benefits from the health insurance plan. The insurance carriers appealed to the Court of Appeals.

The dispositive question from the Court of Appeals asks whether a partnership, which does not employ any persons other than the partners, is required to subscribe to the West Virginia Workers' Compensation Fund. If the plaintiff's partnership was required to subscribe, then he may be entitled to workers' compensation benefits under West Virginia law, and conversely, ineligible for medical benefits from the health insurance plan. The Court of Appeals concluded that this question is unsettled under West Virginia law, and determined that this question is dispositive of the issues in this case.

As set forth below, we hold that the plaintiff's partnership was not required to subscribe to the workers' compensation fund, and further that the plaintiff would not have been entitled to workers' compensation benefits under West Virginia's workers' compensation laws.

## I.

### Facts and Background

Plaintiff Karen Sue Rader is employed as a teacher at Elk Valley Christian School in Elkview, West Virginia. Elk Valley Christian School is a member of defendant AACS, which provides a health benefits plan ("the Plan") to the employees of its members. The Plan is administered by defendant Gallagher. Mrs. Rader elected health coverage under the Plan and she listed her husband, plaintiff James Rader, as a dependent.

In 1988, Mr. Rader and a friend, Terry Bradshaw, formed a partnership known as T & J Painting. All of the work of T & J Painting has been performed solely by the two partners, and the partnership does not employ other persons. T & J Painting has never subscribed to or contributed to the West Virginia Workers' Compensation Fund.

In September 1994, Mr. Rader was injured in the course of his employment when he fell from a ladder. Mr. Rader incurred over $48,000.00 in medical expenses because of the injury, and he filed a claim for benefits with his wife's health insurance carriers, defendants AACS and Gallagher. The claim was denied on the basis of a provision in the Plan that precludes coverage for, *inter alia,*

> ... [a]ny accidental bodily injury which arises out of or in the course of any employment with any Employer and/or for which the individual is entitled to benefits under any workers' compensation law or ... receives any settlement from a workers' compensation carrier.

The defendants asserted that Mr. Rader was entitled to receive workers' compensation benefits, notwithstanding the failure of T & J Painting partnership to make contributions to the workers' compensation fund, and thus Mr. Rader was excluded from health insurance coverage under the Plan.

The Raders filed an action in state court claiming they were entitled to benefits under the Plan. The defendants removed the action to federal court on the basis of diversity of citizenship. After discovery, the parties agreed to submit the matter to a magistrate judge for decision. The magistrate judge ruled in favor of the Raders on their claim that the defendants improperly denied them

benefits under the Plan. The defendants appealed that decision to the Court of Appeals.

## II.

### *Question Certified by the Court of Appeals*

The primary question certified to this Court by the United States Court of Appeals for the Fourth Circuit is:

> Under the law of West Virginia as it existed in 1994, was a partnership that did not employ anyone other than the members of the partnership an employer within the meaning of W.Va.Code § 23–2–1 (1994), such that the partnership was required by West Virginia law to furnish contributions to the workers' compensation

fund on behalf of the members of the partnership?

As discussed below, we answer this question in the negative.[1]

## III.

### *Discussion*

■ An "employer" that is "required to subscribe to and pay premiums into the workers' compensation fund" is defined by *W.Va.Code*, 23–2–1(a) [1991] as "all persons, firms, associations and corporations regularly employing another person or persons[.]"[2]

The defendants contend that under West Virginia law, a partnership is recognized as a

---

1. The second question certified by the Court of Appeals is:

   If a partnership that did not employ anyone other than the members of the partnership was an employer within the meaning of § 23–2–1(a), but did not furnish the required contributions to the workers' compensation fund and did not elect to include the members of the partnership as employees pursuant to W.Va. Code § 23–2–1(g)(2), (h) (1994), was a member of the partnership entitled to receive workers' compensation benefits pursuant to W.Va.Code § 23–2–5(g) (1994)?

   Because we answer the first question in the negative, and hold that a partnership which does not employ anyone other than the members of the partnership is not an employer within the meaning of *W.Va.Code*, 23–2–1(a) [1991 ], we do not need to address this second question.

2. Because the plaintiff was injured in 1994, in this case we are called upon to interpret the 1991 version of *W.Va.Code*, 23–2–1. We note that the Legislature substantially revised the entire Workers' Compensation Act in 1995, including *W.Va. Code*, 23–2–1. No changes were made affecting this appeal.

   *W.Va.Code*, 23–2–1 [1991] stated, in pertinent part, with emphasis added:
   > (a) The state of West Virginia and all governmental agencies or departments created by it, including county boards of education, political subdivisions of the state, any volunteer fire department or company and other emergency service organizations as defined by article five, chapter fifteen of this code, and *all persons, firms, associations and corporations regularly employing another person or persons for the purpose of carrying on any form of industry, service or business in this state, are employers within the meaning of this chapter and are hereby required to subscribe to and pay premiums into the workers' compensation fund for the protection of their employees* and shall be

subject to all requirements of this chapter and all rules and regulations prescribed by the commissioner with reference to rate, classification and premium payment: Provided, That such rates will be adjusted by the commissioner to reflect the demand on the compensation fund by the covered employer.

\* \* \*

(d) Employers who are not required to subscribe to the workers' compensation fund may voluntarily choose to subscribe to and pay premiums into the fund for the protection of their employees and in such case shall be subject to all requirements of this chapter and all rules and regulations prescribed by the commissioner with reference to rates, classifications and premium payments and shall afford to them the protection of this chapter, including section six of this article, but the failure of such employers to choose to subscribe to and to pay premiums into the fund shall not impose any liability upon them other than such liability as would exist notwithstanding the provisions of this chapter.

\* \* \*

(g) The following employers may elect not to provide coverage to certain of their employees under the provisions of this chapter: ...

(2) *If an employer is a partnership*, sole proprietorship, association or corporation, *such employer may elect not to include as an "employee" within this chapter, any member of such partnership*, the owner of the sole proprietorship or any corporate officer or member of the board of directors of the association or corporation....

(h) In the event of election under subsection (g) of this section, the employer shall serve upon the commissioner written notice naming the positions not to be covered and shall not include such "employee's" remuneration for premium purposes in all future payroll reports, and such partner, proprietor or corporate or executive officer shall not be deemed an em-

separate legal entity distinct from the individual partners.[3] The defendants therefore argue that a partnership is by statute an employer, and that the partners are "persons" regularly employed by the partnership. The defendants essentially argue that every partnership is required by *W.Va.Code*, 23–2–1(a) [1991] to subscribe to the workers' compensation fund. The defendant contends that this principle is recognized in another portion of the workers' compensation act, which states that "[i]f an employer is a partnership ... such employer may elect not to include as an 'employee' ... any member of such partnership[.]" *W.Va.Code*, 23–2–1(g)(2) [1991].[4]

The defendant then argues that, under *W.Va.Code*, 23–2–5(g) [1993], even though the plaintiff's partnership never subscribed to the workers' compensation fund, the plaintiff may still successfully pursue a workers' compensation claim. *W.Va.Code*, 23–2–5(g) [1993] stated that:

No employee of an employer required by this chapter to subscribe to the workers' compensation fund shall be denied benefits provided by this chapter because the employer failed to subscribe or because the employer's account is either delinquent or in default.

The plaintiff's argument focuses entirely on the language of *W.Va.Code*, 23–2–1(a) [1991], and that section's definition of "employer." The plaintiff argues that only employers "regularly employing another person" are required to subscribe to the workers' compensation fund. The plaintiff

contends that because his partnership has never *employed* anyone, it was never required to subscribe to the fund.[5] We agree with the plaintiff's construction of the statute.

■ "Where the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction; but courts must apply the statute according to the legislative intent plainly expressed therein." Syllabus Point 1, *Dunlap v. State Compensation Director*, 149 W.Va. 266, 140 S.E.2d 448 (1965). *See also*, Syllabus Point 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951); Syllabus Point 1, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968).

To accept the defendants' argument that a partner is an "employee" under *W.Va.Code*, 23–2–1(a) [1991] would be to ignore the plain and unambiguous language of the statute. *W.Va.Code* 23–2–1(a) [1991] clearly defines an employer "required to subscribe to and pay premiums into the workers' compensation fund" as a person, firm, association, or corporation that regularly employs another person or persons.

The defendants' argument asks us to ignore the legal characteristics of a partner. While a partnership may be an entity "distinct" from the partners, a partnership is not an entity wholly separate from its members, but is an aggregate of the individuals making up the partnership. As to any employees of the partnership, the partners, as principals, occupy the status of co-employers. The partners cannot be both employers and employees. In an ordinary partnership, each

---

ployee within the meaning of this chapter after such notice has been served.

**3.** *W.Va.Code*, 47B–2–1 [1995] states that "A partnership is an entity distinct from its partners."

**4.** The defendant places great emphasis on this 1991 legislative amendment to *W.Va.Code*, 23–2–1(g) treating partners as "employees." Prior to 1991, partners of partnership-employers required to subscribe to the workers' compensation fund were not afforded coverage under the fund unless those partners notified the commissioner of their intent to "opt in" and pay premiums for workers' compensation coverage.

In 1991, the Legislature amended *W.Va.Code*, 23–2–1(g)(2) to state that partners of partnership-employers required to subscribe to the fund *are* afforded coverage unless those partners serve the

commissioner with written notice that they elect to *not* be covered by workers' compensation.

We do not think this amendment bears on the issue at hand in this case, because we do not believe the plaintiff's partnership·was ever an employer required by statute to subscribe to the fund.

**5.** The plaintiff argues that the intent of the Legislature to deny workers' compensation benefits to partners of partnerships that fail to subscribe to the fund was made clear by a 1995 amendment to *W.Va.Code*, 23–2–1(h). The statute now states that "if an employer has not subscribed to the fund even though it is obligated to do so under the provisions of this article, then any such partner, proprietor or corporate or executive officer shall not be covered and shall not receive the benefits of this chapter."

partner has by law an equal share in management and ownership, and each partner is therefore in actual possession of the powers of the employer. A partner is an owner of the business, and may, if he chooses, elect to pay premiums to the workers' compensation fund for coverage of himself and the other partners.[6] However, unless a partnership regularly employs individuals *other* than the partners, a partnership is not required under *W.Va.Code*, 23–2–1(a) [1991] to subscribe to the workers' compensation fund.

We note that a majority of other jurisdictions have held that under the common law, unless otherwise altered by statute, a working member of a partnership cannot be an employee of the partnership within the meaning of a workers' compensation statute. *See generally,* 4 R. Larson, *Larson's Workers' Compensation Laws* § 54.30 (1998); W. Appel, *Ownership Interest in Employer Business as Affecting Status as Employee for Workers' Compensation Purposes,* 78 A.L.R.4th 973, § 4 (1991).[7]

We conclude that under *W.Va.Code*, 23–2–1(a) [1991], a partnership that does not regularly employ any person other than the partners is not required to subscribe to the workers' compensation fund. While a partnership that does not regularly employ any persons other than the partners may elect to subscribe to the workers' compensation fund for the protection of the partners pursuant to *W.Va.Code*, 23–2–1(d) [1991], it is not required to do so. We further conclude that *W.Va.Code*, 23–2–5(g) [1993] does not extend workers' compensation coverage to a partner in the plaintiff's position, because such a partner is not an "employee of an employer required by this chapter to subscribe to the workers' compensation fund." [8]

## IV.

### *Conclusion*

We answer the question certified by the Court of Appeals in the negative. Under the law of West Virginia as it existed in 1994, a partnership that did not employ anyone other than the members of the partnership was not an employer within the meaning of *W.Va. Code,* 23–2–1 [1991]. Such a partnership was not required by West Virginia law to furnish contributions to the workers' compensation fund on behalf of the members of the partnership.

Certified Question Answered.

---

6. *W.Va.Code*, 23–2–1(d) [1991] allows employers, such as the plaintiff's partnership, that are not required to subscribe to the workers' compensation fund to "voluntarily choose to subscribe to and pay premiums into the fund for the protection of their employees[.]" For the text of *W.Va. Code*, 23–2–1(d), *see* footnote 1, *supra.*

7. *See, e.g., Rockefeller v. Industrial Comm. of Utah,* 58 Utah 124, 197 P. 1038 (1921); *Le Clear v. Smith,* 207 App.Div. 71, 202 N.Y.S. 514 (1923); *Gebers v. Murfreesboro Laundry Co.,* 159 Tenn. 51, 15 S.W.2d 737 (1929); *Wallins Creek Lumber Co. v. Blanton,* 228 Ky. 649, 15 S.W.2d 465 (1929); *In re W.A. Montgomery & Son,* 91 Ind. App. 21, 169 N.E. 879 (1930); *Chambers v. Macon Wholesale Grocer Co.,* 334 Mo. 1215, 70 S.W.2d 884 (1934); *Goldberg v. Industrial Comm. of Ohio,* 131 Ohio St. 399, 3 N.E.2d 364 (1936); *Rasmussen v. Trico Feed Mills,* 148 Neb. 855, 29 N.W.2d 641 (1947); *Johnson v. Dept. of Labor & Industries,* 33 Wash.2d 399, 205 P.2d 896 (1949); *Pederson v. Pederson,* 229 Minn. 460, 39 N.W.2d 893 (1949); *Fink v. Fink,* 64 So.2d 770 (Fla.1953); *Brinkley Heavy Hauling Co. v.*

*Youngman,* 223 Ark. 74, 264 S.W.2d 409 (1954); *American Surety Co. v. Cooper,* 222 Miss. 429, 76 So.2d 254 (1954); *Jernigan v. Clark & Day Exploration Co.,* 65 N.M. 355, 337 P.2d 614 (1959); *Leventhal v. Atlantic Rainbow Painting Co.,* 68 N.J.Super. 406, 172 A.2d 710 (1961); *Herman v. Kandrat Coal Co.,* 205 Pa.Super. 117, 208 A.2d 51 (1965); *Marlow v. E.L. Jones and Son, Inc.,* 248 S.C. 568, 151 S.E.2d 747 (1966); *Metro Constr., Inc. v. Industrial Comm'n,* 39 Ill.2d 424, 235 N.E.2d 817 (1968); *Dunn v. North Dakota Workmen's Comp. Bureau,* 191 N.W.2d 181 (N.D. 1971); *Ford v. Mitcham,* 53 Ala.App. 102, 298 So.2d 34 (1974); *Scoggins v. Aetna Cas. & Sur. Co.,* 139 Ga.App. 805, 229 S.E.2d 683 (1976); *Black v. Black Bros. Constr.,* 381 A.2d 648 (Me. 1978); *Powell v. Vigilant Ins. Co.,* 577 S.W.2d 364 (Tex.Civ.App.1979).

8. We emphasize that our decision today concerns partnerships that do not employ any "non-partners." We express no opinion concerning the application of *W. Va.Code,* 23–2–1 [1991] to partnerships with "non-managing" or limited partners.