**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STATE FARM FIRE AND CASUALTY
COMPANY,
<u>Plaintiff-Appellee,</u>

v.

LORRIE A. THOMAS, Administratrix
of the Estates of William D.
Thompson, deceased,

No. 99-1276

<u>Defendant-Appellant,</u>

and

EDWARD LEE MCCALL; PHYLLIS
MCCALL, Individually and d/b/a
Western Greenbrier Disposal
Service,
<u>Defendants.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CA-98-149-5)

Argued: May 3, 2000

Decided: June 13, 2000

Before WIDENER and MOTZ, Circuit Judges, and
Frank W. BULLOCK, Jr., United States District Judge
for the Middle District of North Carolina,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Anthony J. Majestro, MASTERS & TAYLOR, L.C., Charleston, West Virginia, for Appellant. Carl L. Fletcher, SHAFFER & SHAFFER, Charleston, West Virginia, for Appellee. **ON BRIEF:** Charles M. Love, IV, MASTERS & TAYLOR, L.C., Charleston, West Virginia, for Appellant. Charles S. Piccirillo, SHAFFER & SHAFFER, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

State Farm Fire and Casualty Company (State Farm) brought this federal declaratory judgment action to determine its coverage obligations arising out of a fatal automobile accident. State Farm sought a declaration that it was not bound to defend or indemnify the policyholders in a pending West Virginia wrongful death suit. The district court issued the requested declaration in favor of State Farm, and we affirm.

I.

On November 14, 1996, William Thompson died in a single-vehicle accident in Charmo, West Virginia. The accident was attributable to brake failure and occurred while Thompson was driving a garbage truck for his employer, Western Greenbrier Disposal Service, an unincorporated business owned by Phyllis McCall and her husband, Edward Lee McCall (the McCalls). Mr. McCall is now deceased.

On August 13, 1997, Lorrie A. Thomas, the administratrix of Thompson's estate, initiated a wrongful death action against Western Greenbrier Disposal Service, Mrs. McCall, and the estate of Mr.

2

McCall in the Circuit Court of Greenbrier County, West Virginia. Thomas, seeking to come within an exception to the West Virginia worker's compensation scheme, alleged that the McCalls acted with deliberate intent to cause Thompson's injuries and negligently failed to maintain the garbage truck in a reasonably safe condition.

On February 20, 1998, State Farm filed this declaratory judgment action in the United States District Court for the Southern District of West Virginia based on diversity jurisdiction, seeking a declaration of the rights of the parties with regard to coverage under the McCalls' automobile insurance policy. Thomas, as administratrix, moved for dismissal of the federal action, urging the court to refrain from exercising jurisdiction and issuing a declaration in this case in view of the parallel state court proceedings. The district court denied Thomas's motion to dismiss.

Thereafter, the district court denied State Farm's motion for summary judgment, ruling that a material issue of fact existed in the case as to whether the McCalls and Thompson were "fellow employees," which would bar coverage for the McCalls for Thompson's accident under the policy. The parties then agreed to proceed with a trial on the documentary record. Following the trial, the district court ruled in favor of State Farm. The court determined that the McCalls were Thompson's employer, not a "fellow employee," and that Thompson's injuries therefore were not covered under the State Farm policy.

On appeal, Thomas challenges both the district court's exercise of jurisdiction and its ultimate ruling in State Farm's favor on the policy coverage issue. For the following reasons, we affirm.

II.

The district court's rulings of law are subject to de novo review. United States v. Bostic, 168 F.3d 718, 721 (4th Cir. 1999). Findings of fact by the district court are reviewed for clear error. Ost-West-Handel Bruno Bischoff GMBH v. Project Asia Line, Inc., 160 F.3d 170, 173 (4th Cir. 1998). The district court's decision to proceed with a declaratory judgment action is reviewed for abuse of discretion. United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998).

3

III.

A.

Thomas first contends that the district court abused its discretion in refusing to abstain in the federal declaratory judgment action in favor of the West Virginia suit. The federal declaratory judgment statute, 28 U.S.C. § 2201(a), is permissive in nature and thereby authorizes district courts to decline jurisdiction when appropriate. Kapiloff, 155 F.3d at 493. Where parallel state proceedings exist, the factors to be considered in ruling in a motion to abstain are:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

Id. at 493-94 (citing Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994)).

When considered in the instant case, these factors indicate that there was no abuse of discretion. Initially, the issues of law presented are not genuinely novel because they involve standard principles of contract interpretation. Second, it was at least as efficient, if not more so, to proceed in the federal forum because State Farm was not a party to the state action. Third, although the issue to be resolved in the federal case (i.e., the insurance coverage) is ancillary to the issue in the state court (i.e., the underlying tort suit), the issues do not present excessive entanglement problems. Finally, the district court did not clearly err in finding that State Farm did not bring this declaratory judgment action with the intent to circumvent the state court. Accordingly, the district court did not abuse its discretion in denying Defendant Thomas's motion to dismiss.

B.

Thomas next challenges the district court's interpretation and application of the automobile insurance policy held by the McCalls.

4

Thomas disputes the district court's interpretation of one of the policy's various coverage exclusion provisions. The provision in question reads:

> THERE IS NO COVERAGE:
>
> 2. FOR ANY BODILY INJURY TO:
>
> a. A FELLOW EMPLOYEE WHILE ON THE JOB AND ARISING FROM THE MAINTENANCE OR USE OF A VEHICLE BY ANOTHER EMPLOYEE IN THE EMPLOYER'S BUSINESS. <u>You</u> and <u>your spouse</u> are covered for such injury to a fellow employee.
>
> b. ANY EMPLOYEE OF AN <u>INSURED</u> ARISING OUT OF HIS OR HER EMPLOYMENT. This does not apply to a household employee who is not covered or required to be covered under any worker's compensation insurance.

(J.A. at 532)

The first sentence of Exclusion 2.a. clearly provides that there is no coverage where the person who caused the accident (the "tortfeasor") and the injured person (the "victim") are "fellow employees." The second sentence of Exclusion 2.a. provides an exception to the first sentence. In interpreting the above language, the district court determined that Exclusion 2.a. authorized coverage (<u>i.e.</u>, there was an exception to the exclusion) only if the victim and the policyholder were "fellow employees." The court further concluded that the McCalls were Thompson's employers, not "fellow employees."

Thomas contends that, contrary to the district court's interpretation, the second sentence of Exclusion 2.a. covers the policyholder for any accident in which the tortfeasor and the victim were "fellow employees." In other words, Thomas contends that the McCalls were insured under this policy so long as Bob Redford, the Western Greenbrier employee who allegedly failed to repair the brakes, and Thompson were "fellow employees."

5

A closer examination of Thomas's suggested interpretation of Exclusion 2.a. reveals its fallacy. Thomas's reading of the second sentence of the fellow-employee exclusion not only makes the relationship between the victim and the policyholder irrelevant, but also directly contradicts the clear meaning of the preceding sentence and creates inconsistencies between Exclusion 2.a. and Exclusion 2.b. See Columbia Gas Transmission Corp. v. E.I. DuPont de Nemours & Co., 217 S.E.2d 919, 926-27 (W. Va. 1975) (in interpreting a contract, a court should give effect to every clause). Furthermore, although no West Virginia court has addressed Exclusion 2.a., the district court's interpretation and application of the fellow-employee exclusion has been endorsed by courts in other jurisdictions faced with similar coverage disputes involving identical State Farm automobile insurance policies.[1] See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 521-22 (10th Cir. 1994) (the fellow-employee exclusion precludes coverage under an employer's policy for an accident caused by one employee resulting in injury to another employee); State Farm Mut. Auto. Ins. Co. v. Bainbridge, 941 S.W.2d 546, 548-49 (Mo. Ct. App. 1997) (Exclusion 2.a. denies coverage where the policyholder was the victim's employer); see also State Farm Mut. Auto. Ins. Co. v. Burgin, 752 F. Supp. 877, 881 (W.D. Ark. 1990); State Farm Mut. Auto. Ins. Co. v. Hollingsworth, 668 F. Supp. 1476, 1479-80 (D. Wyo. 1987).

Thomas further claims that the disputed policy language is ambiguous and capable of multiple interpretations and therefore should be read in favor of coverage. Under West Virginia law, ambiguous terms in insurance contracts will be strictly construed against the insurer. See Murray v. State Farm Fire and Cas. Co., 509 S.E.2d 1, 6-7 (W.

_____

[1] This court has not dealt previously with this exact policy language. However, in a case applying Maryland law, we have interpreted a similarly worded "fellow employee" clause to exclude coverage under an employer's (or some other named insured's) policy where the tortfeasor and the victim were "fellow employees." See Bevans v. Liberty Mut. Ins. Co., 356 F.2d 577, 580-82 (4th Cir. 1966) (holding that passenger in insured truck who suffered injuries in collision due to negligence of fellow employee driver while truck was on loan to their employer was barred from recovering from owner's automobile liability insurer because of "fellow employee" limitation).

6

Va. 1998). Although Exclusion 2.a. is not a model of clarity, there is no ambiguity problem for purposes of this case because Exclusion 2.a. is not reasonably susceptible to the construction chosen by Thomas. See, e.g., Nisbet v. Watson, 251 S.E.2d 774, 779-80 (W. Va. 1979). Thomas's interpretation of Exclusion 2.a. as first withholding, in sentence one, and then conferring, in sentence two, insurance coverage where the tortfeasor and the victim are "fellow employees" is implausible. See Fraternal Order of Police Lodge No. 69 v. City of Fairmont, 468 S.E.2d 712, 718 (W. Va. 1994) ("an accepted canon of construction forbids the balkanization of contracts for interpretive purposes"). Furthermore, despite Thomas's assertion to the contrary, the McCalls could not reasonably have expected their policy to cover all accidents in which one employee injures another. See Riffe v. Home Finders Assocs., Inc., 517 S.E.2d 313, 318 (W. Va. 1999) (to be honored, the policyholder's expectations regarding the terms of the insurance contract must be objectively reasonable).

Finally, Thomas argues that the McCalls and Thompson should be regarded as "fellow employees."[2] Whether Western Greenbrier is characterized as a partnership or as a sole proprietorship, the McCalls were its owners, and they therefore were not "fellow employees" of Thompson. See Rader v. American Ass'n of Christian Schs., 506 S.E.2d 794, 797-98 (W. Va. 1998) (holding that under the West Virginia Worker's Compensation Act the partners of a partnership, like the owners of a sole proprietorship, are not its employees). As to Thompson, the McCalls "occup[ied] the status of co-employers." Id. at 797. Accordingly, the policy issued by State Farm did not cover Thompson while he was working for the McCalls.

IV.

For the foregoing reasons, the district court's decision to assert jurisdiction over the declaratory judgment action and to find that the

_____

[2] Thomas raised this argument for the first time in her reply brief. Nevertheless, we will exercise our discretion to consider this claim. We will also accept the surreply brief that State Farm provisionally submitted in connection with its motion to strike Thomas's reply brief.

7

automobile insurance policy at issue did not provide coverage is AFFIRMED.

8